MITTIE V. ADAMS, plaintiff in error, *vs.* CAROLINE M. REVIERE, defendant in error.

On a plea by the guardian that she had settled with her ward, the question is not whether the jury believed that the ward had received in the settlement as much as she was entitled to receive from her guardian ; but the issue is, was she fully cognizant of the condition of the estate and of its management by her guardian, and did she settle with full knowledge thereof, and without mistake on her part, or imposition or fraud on the part of the guardian ; if she did so settle, and at the date of the settlement was of full age, and acted with her eyes open to the facts of the case, she will be concluded by the settlement, though she seeks to open it in less than four years from its date; but if she was ignorant of the facts, or mistaken, or defrauded, she will not be concluded.

Guardian and ward. Settlement. Before Judge Hall. Upson Superior Court. May Term, 1877.

This was an appeal from the decision of the ordinary upon a citation to a guardian for a settlement with her ward. The evidence for plaintiff made, in brief, the following case :

Plaintiff was the daughter of defendant, C. M. Reviere, and her ward. Plaintiff's father died in 1859, and defendant, as guardian of plaintiff, received for her $3,735.00 from the estate. Plaintiff lived with her for about fifteen years ; the cost of her clothing averaged from $15.00 to $50.00 per annum ; she labored for her mother; did household work which was worth her board and clothes. A day or two before plaintiff was married, in 1875, defendant gave her a note for $1,000.00, and she gave in return a receipt in full for demands against her guardian. No accounts were made up or exhibited, and plaintiff made the settlement without understanding her legal rights or the effect thereof. Some time after, her husband stated to her the effect of the settlement and receipt ; she thereupon became dissatisfied, and so stated to defendant, and asked for a revocation of the contract ; the latter agreed, and the receipt and note respectively were returned. She was then 23 years old. Defendant purchased on plaintiff's account negro property amounting to $1,800.00. Plaintiff has only received from her a note given by a third party for $200.00. Defendant's returns in 1861–2 show that she received for negro hire $786.57, and paid out $98.32.

Defendant's evidence was, in brief, as follows :

She received $3,735.00 for her ward, on January 30th, 1864, in Confederate money, which has since become valueless. The negroes have been emancipated. She has never received any negro hire. Plaintiff stayed with defendant, after her father's death, fourteen and a half years, and was supported by the latter. Board and lodging were worth, on an average, $150.00 to $175.00 per year, and clothing about $150.00 ; defendant paid about $200.00 tuition for plaintiff. She never kept any strict or accurate account with plaintiff; but they had frequent conversations on the subject of the property, and plaintiff made the settlement with a full

knowledge of the state of her affairs. Defendant denies ever rescinding, or agreeing to open, the settlement, but says that plaintiff borrowed the receipt from her, agreeing to return it, but has not done so. She has paid defendant $200.00 on the $1,000.00 note.

Barber's tables were introduced in evidence.

The other facts will appear in the opinion.

WILLIS & WILLIS; SPEER & STEWART, for plaintiff in error.

J. A. COTTEN, for defendant.

JACKSON, Judge.

Mrs. Adams was the daughter and ward of Mrs. Reviere. She married at the age of twenty-three; and, before her marriage, her mother and herself had a settlement of the estate, by which she took her mother's note for $1,000.00 in full of all claims thereon. Some year or two after her marriage, she cited her mother to appear before the ordinary to account for the guardianship, and the case was carried, by appeal, to the superior court, where it was tried, and the jury, under charge of the court, rendered a verdict for defendant. Mrs. Adams moved for a new trial; it was refused, and she excepted.

1. The court charged the jury "that though the plaintiff might not have had full information of all her legal rights in the settlement relied upon by the defendant, yet if, in said settlement, the jury believed she had received as much as she was entitled to of defendant, they should not open the settlement, but find a verdict ratifying or affirming it." Error is assigned upon this charge. We think that the charge was erroneous under the facts proven. It appears that the corpus of the estate was encroached upon by the guardian without any order of court therefor, which is against the statute. That allows it to be done on the ap-

proval of the ordinary. Code, §1824. No proof of such approval appears in the record.

It appears that the guardian bought negro property for the ward, and no order for such investment appears. (See Code, §1837.) So that in this case, however hard it may be, the corpus of the property which the guardian received would be recoverable from her by her ward, if the settlement did not bind the ward. The only protection to this mother, under the law, against the suit of her daughter, ungenerous and unkind as that daughter's conduct may seem, is this settlement, and that protection is ample if the settlement was fair ; and the settlement was fair if the daughter knew her legal rights, the situation and status of the property, all that her mother had done, and knowing it all, acted with her eyes open.

It is immaterial whether she got as much as she was entitled to of the estate or not—as much as she ought to have in the belief of the jury or not ; but the question is, did she and her mother understand all the facts of the case, both of them ; and, understanding all the facts—the management by her mother of her property—did the daughter acquiesce in it and agree to take a thousand dollars for her claim ? If she did, she is bound by the settlement ; if she acted in ignorance of the condition of the estate, or was imposed upon in any way by her mother, then she is not bound. Inasmuch as this issue was not presented fairly to the jury by the charge above specified, we reluctantly reverse the judgment and grant the new trial.

It is true that the Code declares, in section 1847, as insisted upon by plaintiff in error, that to bind the ward, if not acquiesced in for four years, such a settlement must be made after a full exhibit of all the guardian's accounts, and with a full knowledge by the ward of his legal rights. And as this settlement was made less than four years before suit, and there was no exhibit of accounts, it is urged that the settlement is not binding. The intent and spirit of the statute is that the ward shall know all about the case, and act

knowingly. We are not disposed to hold it to its letter, that there must be in every case an actual exhibit of accounts, especially between mother and daughter, where the latter is over age and *sui juris*. If such a ward knew as much as her mother did of the management of her property, and there was no imposition practiced, and no mistake or fraud of any sort in the settlement, then it will be upheld, and the ward will be bound by it. 20 *Ga.*, 7; 27 *Ga.*, 78.

The jury may take the same view of the case as they did under the charge complained of, when they try the case again, and find for the defendant; but we do not know that they will do so, and as the charge may have induced the verdict, and we think it wrong under the facts, the case had better be tried over, and all parties will more readily acquiesce in the finding.

Judgment reversed.