POULLAIN *et al. vs.* POULLAIN, SR., and *vice versa.*

1. Where the judge certifies in the bill of exceptions that a new trial was granted on a special ground, but the order in the record is general and specifies no particular ground, the latter will control.

(*a.*) There was no abuse of discretion in granting a new trial in this case.

2. Where exceptions to a master's or auditor's report in chancery are sent to a jury, they should pass upon them only so far as the matters of fact submitted are concerned, and must return a verdict on each exception *seriatim.* They are not authorized to pass over the exceptions made by one of the parties without any return as to either of them, or having found on each of those submitted by the opposite party, to aggregate the sum found under each particular head, whether this be done correctly or erroneously.

3. Neither the general statute of limitations nor the act of March 16, 1869, was applicable to this case. No cause of action could accrue during the minority of these complainants and during the continuance of the fiduciary relation between them and defendant.

4. Letters of dismission granted to a guardian under section 1849 of the Code, like other judgments of courts of competent jurisdiction, are a bar as to the matters covered by them, unless set aside for fraud in their procurement, or for other sufficient cause.

(*a.*) The right to re-open a final settlement between a guardian and ward within four years after it is made, relates to settlements between the parties themselves, without the interposition of a court of ordinary, and not to a discharge of that court, upon final settlement and after due citation and publication of notice.

5. The cases of *Beall et al., ex'rs, vs. Clark et al.* and *Hughes vs. Hughes* (last term) cited as fixing the amount and character of the evidence necessary to decreeing the specific performance of a parol gift of land by a parent to a child.

(*a.*) Costs in both cases taxed against plaintiffs.

April 8, 1884.

Practice in Supreme Court. Equity. Verdict. Statute of Limitations. Guardian and Ward. Judgments. Ordinary. Before Judge LAWSON. Greene Superior Court. September Adjourned Term, 1883.

Anna M. Poullain and Hallie B. Poullain (the latter through Anna M. as her next friend) filed their bill against Thomas N. Poullain, alleging, in brief, as follows: Junius

Poullain, the father of complainants, died in Floyd county in 1862. Their mother was about to take out letters of administration on his estate, but defendant, who is their grandfather, proposed to relieve her of the trouble of administration, and to preserve the estate for her and her children just as it had been enjoyed during the lifetime of Junius. Defendant procured one McCullough to administer on the estate, and defendant himself became the guardian of complainants. In 1863, he received from the administrator $1,600.00, which was the share of complainants in the personal property of their father's estate. This was all that defendant had charged himself with as guardian, though, in fact, he had received other large amounts of property. When complainants' father died, defendant held the title to a certain plantation in Floyd county; in so doing, he was the naked trustee of the former, who was afflicted with epilepsy. After the death of Junius, defendant took possession of the place, and shortly thereafter sold it to an innocent purchaser without notice; and defendant became liable to each of complainants for one-third of its value, which was placed at $10,000.00. Defendant also had the charge and management of a one-seventh interest in what was known as the Fontenoy Mills property, which interest belonged to them, and he had received considerable sums therefrom. (An account was attached, including items extending from 1863 to 1868.) One William S. Poullain, an uncle of complainants, died in 1862, leaving an estate in which complainants had an eighth interest. Defendant was surety on the bond of the administrator, and permitted the claim to become barred by the statute of limitations, and thereby became liable to complainants. (This claim, on account of the estate of William S. Poullain, seems not to have been pressed on the trial.) They have received nothing from defendant, except their support and education and a house and lot in Greensboro, furnished to them and their mother in 1879. The prayer was for an account and settlement.

Defendant answered, in brief, as follows: Admits receiving $1,600.00 as the guardian of complainants, arising from their father's estate. That was all he ever received, and it was invested in Confederate securities, which proved worthless. There was nothing else coming to them from their father's estate, except their *pro rata* share of $126.91 in Confederate money, which is still in the hands of the administrator. Denies that the Floyd county plantation belonged to the father of complainants; asserts that it belonged to defendant, and complainants' father was allowed to remain in possession simply as a tenant at will; denies that complainants or their father owned any interest in the Fontenoy Mills property, but asserts that it was owned exclusively by defendant; denies that he received any income from that property as guardian of complainants, sets out an account of advances made to complainants, amounting to $14,294.89, and prays a decree for balance due to him. By amendment, $4,620.00 was added to his charges. Alleges that on April 7, 1879, he was regularly discharged from his guardianship of Anna M. Poullain by a judgment of the court of ordinary having jurisdiction of the matter, she having become of age; pleads that Anna M. became of age on the——day of——, 187–; that the *gravamen* of this case is a cause of action which arose prior to June, 1865; that she did not bring suit within nine months and fifteen days after becoming of age, and is barred; also pleads that he is still the guardian of Hallie B. and entitled to the possession of her property, and that she cannot, by this suit, recover it from him. The entire estate of William S. Poullain became worthless by reason of the results of the war.

The case was referred to an auditor, the substance of whose report was as follows:

" 1st. That the title to the house and lot in the city of Greensboro, Georgia, mentioned in the bill of complainants, was in the defendant until March, 1879, and that he did not hold said property in trust for complainants.

" 2nd. That complainants had no title to the real estate in Floyd county, Georgia, which they mention in their bill, and cannot recover it or the proceeds thereof, for the reason that the statute of frauds prevents them from asserting title to the same, and that defendant is not estopped from pleading said statute.

"3rd. I find that the investment made by the defendant, which he mentions in his return of May 24, 1864, to the ordinary of Greene county, Georgia, relieves him from all liability to complainants for the money he received, as their guardian, from the administrator of their father's estate.

"4th. I find that the discharge of the defendant as guardian of Anna M. Poullain is a bar to any right of action which said Anna M. ever had against him as such guardian

"5th. I find that the other complainant cannot maintain her action against the defendant, she being a minor, and he being her guardian.

"6th. I find no evidence sufficient to establish the title of complainants to any of the Fontenoy Mills property, or its dividends.

"7th. I find that the evidence does not show that the defendant ever gave, or intended to give, the real estate in Floyd county, Georgia, to the father of complainants, and that they have no title, or acquired no title, by prescription.

" If I have made a mistake as to the law and facts of this case, then I report that the defendant, as guardian and trustee, is chargeable with the sum of $7,002.01, which sum includes interest to September 15, 1880, and that he has expended the sum of $8,347.55 for the maintenance and education of complainants, which said expenditures are an equitable set-off against the sums chargeable to him (the defendant) as guardian and trustee; but that said defendant is entitled to no judgment against complainants for the excess of his expenditures over the sums charged against him."

To this report complainants filed nine exceptions, one of law to the fifth division of the report, and the others of fact. The exception of law was sustained. Defendant also filed exceptions.

It is unnecessary to detail the evidence on the trial of the exceptions of fact. The jury found as follows:

"We, the jury, find for plaintiffs the first exception." (And so of each of the successive exceptions of complainants.)

"We, the jury, find for the complainants $7,733.00."

Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the verdict was contrary to the following charge of the court: "As a general rule, the mode of conveying title to land is in writing, but it may be conveyed in other ways. If a father puts a son in possession of land, with intention to give it, and the son remains in possession for seven years, his title becomes perfect, though there is no writing; but if his possession is less than seven years, he does not acquire title. It is admitted that Junius Poullain did not remain in possession of the Floyd county land for seven years, and therefore he did not acquire in this way, and you cannot, on this ground, find for the complainants. If a father puts a son in possession of land with intention of giving it to the son, and the son places valuable improvements on the same, that would give the son a title. Under the evidence of such improvements, complainants' evidence that such improvements were placed on the land must be stronger than the defendant's evidence on the subject."

(3.) Because the court failed to give the following in charge: "If one of the complainants, Anna M. Poullain, failed to bring suit within nine months and fifteen days after she attained majority, then her right of action was

barred at the time suit was brought, under the limitation act of March 16, 1869."

(4.) Because the court failed to charge as follows " That if one of the complainants, to-wit, Anna M. Poullain, was of age at the time her guardian was discharged by the ordinary, then that discharge operated as a bar to her right to recover in this suit."

(5.) Because the court refused to charge the jury at all on the question raised by the pleadings of defendant, as to whether or not the complainant, Anna M. Poullain, was barred by the limitation act of 1869, and in refusing to charge the jury at all as to the legal effect of the discharge of the defendant from the guardianship of said Anna M. Poullain, which discharge was pleaded by defendant as a bar to her right of recovery in said case, and exceptions were filed by complainants to the finding of the auditor in favor of said discharge.

(6.) Because the jury failed to pass upon any of the seven exceptions filed by the defendant to the auditor's report.

The court granted a new trial. The bill of exceptions contains the following recital as to the ground on which it was granted :

" His Honor aforesaid granted said new trial, as he stated in his opinion, on the ground that there was no evidence that such valuable improvements had been made by Junius Poullain, the father of said complainants, upon the Floyd county plantation, described in the pleadings and brief of evidence aforesaid, as would relieve complainants from showing a seven years' possession by said Junius Poullain of said plantation : and the judge aforesaid was satisfied with said verdict as to all other points."

In the record the order is merely that " the verdict be set aside and a new trial be granted," without stating any ground. Complainants excepted to the grant of the new trial, and defendant filed a cross-bill of exceptions, because it was not granted on all the grounds taken.

v 72-28

JAMES B. PARK; F. C. FOSTER; JOHN C. REED, for complainants.

H. G. LEWIS; J. A. BILLUPS; D. B. SANFORD, *contra.*

HALL, Justice.

1. In the bill of exceptions, the judge certifies that he granted a new trial in this case upon a special ground, while the order directing it is general and specifies no particular ground, as it appears in the transcript of the record. We are governed by the latter, and as there is much conflict in the evidence bearing upon the main points in the case, and a considerable degree of irregularity in the proceedings had on the trial, and no small amount of confusion in the several findings by the jury of the issues submitted to them, we think the court was right in ordering another hearing; at least, that he did not abuse his discretion in so doing. Here we might, and probably ought, to leave this case, without determining any of the numerous questions made by either of the bills of exceptions and writs of error sued out by each of the parties, but as our views have been invoked upon several of these points, we will briefly notice them.

2. When exceptions to a master's or auditor's report in chancery are sent to a jury, they should pass upon them only so far as the matters of fact submitted are concerned, and must return a verdict on each exception *seriatim.* Code, §4203. This does not authorize them, as was done in this case, wholly to pass over the exceptions made by one of the parties, without any return as to either of them, or, having found on each of those submitted by the opposite party, to aggregate the sums found under each particular head, whether they do this correctly, or very inaccurately and erroneously, as in this instance. It is the duty of the chancellor to make up his decree from the report of the auditor or master, as corrected by the several findings of the jury. But from the ambiguous and doubtful character

of these several findings, without calling to his aid matter *dehors* the record, this would have been impossible ; indeed, to a stranger to the proceeding, the matter, as presented by the record, is wholly unintelligible.

3. We do not think the statute of limitations, either as to the general provision found in the Code, or the special act of March 16th, 1869, applicable to this case. Certainly no cause of action could accrue during the minority of these complainants, and during the continuance of the fiduciary relations between them and the defendant. There was, therefore, no error in refusing to charge, at defendant's request, upon this subject.

4. But we are of opinion that the court should have charged upon the effect of defendant's final discharge from the guardianship of the elder of the two complainants by the ordinary. Letters of dismission granted to a guardian, under section 1849 of the Code, like other judgments of courts of competent jurisdiction, are a bar as to the matters covered by them, unless set aside for fraud in their procurement or for other sufficient cause. 4 *Ga.*, 516 ; 9 *Ib.*, 247 ; 15 *Ib.*, 346.

This settlement cannot be opened for any other cause. The right to re-open a final settlement between the guardian and ward, within four years after it is made, relates to settlements between the parties themselves, without the interposition of the court of ordinary, and not to discharges of the guardian by that court upon final settlement, and after due citation and publication of notice. This right to re-open within the time specified, is regulated by Code, §1847, which should be read in connection with *Ib.*, 1840. See also 59 *Ga.*, 793 ; 68 *Ib.*, 741.

5. Without expressing any opinion whatever as to the testimony developed by this case, which, for obvious reasons, would be improper, we refer to *Beall et al., ex'rs, vs. Clarke*, and *Hughes vs. Hughes*, both decided at the last term of this court, as fixing the amount and character of the evidence essential to decreeing the specific perform-

ance of a parol gift of land by a parent to a child. The result of our research is, that the plaintiffs' bill of exceptions can. not be, while that of the defendant is, sustained, so far as to tax the former in both cases with cost.

Judgment affirmed.