## 29125.   CROW *v*. MARTIN.

Decided October 18, 1941.

*H. S. Brooks, John F. Echols,* for plaintiff.
*Wheeler & Kenyon, Charles J. Thurmond,* for defendant.
Felton, J.   Ruth Crow instituted an action against Guy Crow,

as administrator of the estate of W. T. Crow, deceased, and M. M. Martin, alleging the breach of a guardian's bond on which W. T. Crow was principal and Martin was surety. Guy Crow filed an amendment to his answer, in which he alleged that since the filing of the action he had been discharged as administrator of W. T. Crow and that the suit as to him should be abated. Upon the allowance of the amendment the plaintiff amended by striking Guy Crow as administrator as a party defendant, and alleging that the estate of W. T. Crow was unrepresented and that his estate had been administered and the administrator discharged. Another amendment was filed by Martin, raising another question, but it will not be necessary to set it forth, as the decision on another issue will control the case. The court directed a verdict for Martin, and the plaintiff excepted to the overruling of her motion for new trial.

The court did not err in directing a verdict in favor of the surety on the guardian's bond. There are at least two reasons why this is true. The record shows that Guy Crow was discharged as administrator of the guardian. The judgment of discharge is binding, and precludes a judgment against the administrator of the guardian until it is set aside for sufficient cause. Code, § 113-2302; *Mobley* v. *Mobley*, 9 *Ga.* 247; *Poullain* v. *Poullain*, 72 *Ga.* 412; *Wicker* v. *Howard*, 126 *Ga.* 119 (54 S. E. 821); *First National Bank & Trust Co.* v. *Hirschfeld*, 178 *Ga.* 581 (173 S. E. 663); *Dorsey* v. *Dorsey*, 27 *Ga. App.* 458 (108 S. E. 807). Since the liability of the surety is predicated on the liability of the guardian or his representative, and the showing of the liability of the guardian or his administrator is precluded by a judgment of a court of competent jurisdiction, no liability of the surety can be shown. The second reason is that no suit will lie against a surety on a guardian's bond, sued alone, unless one of the exceptions named in Code § 49-237 is shown to exist. This section provides: "When any guardian shall remove from this State, or shall place himself in such situation as by the provisions of this Code an attachment would lie against a debtor, or if such guardian is dead and his estate unrepresented, any party in interest, or any person having demands against such guardian, in such representative character, may institute his suit against the sureties, or any one or more of them, upon the bond of such guardian in the first instance without first obtaining a judgment against such guardian in his representa-

tive character." The fact that the administrator of the guardian was discharged after the suit was filed against the administrator of the guardian and the surety jointly does not bring the case within the exceptions mentioned in the Code section. The section does not contemplate a situation where the estate of the guardian was represented at the time of the filing of a suit against the administrator of the guardian and the surety jointly. The law evidently intends to protect the surety to the fullest extent, and when possible to insure a judgment against the guardian or his representative, either before or at the same time one is rendered against the surety, except in the special cases provided for, and even then the judgment against the surety must be predicated on a devastavit by the guardian. Since the plaintiff eliminated the administrator of the guardian as a party defendant, she was not entitled to a verdict against the surety. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*