S90A0101. TAYLOR et al. v. BENNETT.
(389 SE2d 242)

BENHAM, Justice.

We granted appellants' application for interlocutory appeal of the trial court's denial of their motion for summary judgment in a suit by their former ward for an accounting. The motion for summary judgment was predicated on appellee's having previously litigated the same issues in a suit in superior court and in an action for an accounting in probate court. The earlier superior court suit ended in a settlement between the parties and a dismissal with prejudice. The probate court proceeding concluded with that court's approval of the accounting made by the guardians. We agree with appellants that the present action is barred by res judicata.

A judgment of a court of competent jurisdiction shall

> be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside. OCGA § 9-12-40.

Appellee seeks to avoid the impact of the doctrine of res judicata by reliance on OCGA § 29-2-83, which provides as follows:

> No final settlement made between guardian and ward shall bar the ward, at any time within four years thereafter, from calling the guardian to a settlement of his accounts, unless it appears that the final settlement was made after a full exhibit of all the guardian's accounts and with a full knowledge by the ward of his legal rights.

However, as this court held in *Poullain v. Poullain*, 72 Ga. 412 (4) (1884), the ward's right to reopen the inquiry into the guardianship applies to settlements between the parties without the interposition of the courts. Here, the probate court relied specifically on that Code section in permitting an accounting notwithstanding the previous settlement between the parties, and approved the accounting made by the guardians. That judgment has not been attacked. Appellee already has been afforded the remedy she now seeks. Having had her day in court, she is not entitled to pursue the issues again in this proceeding. Accord *Crow v. Martin*, 66 Ga. App. 76 (17 SE2d 90)

(1941). Since her action is barred by res judicata, the trial court erred in denying appellants' motion for summary judgment based on that defense.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 13, 1990.

*Altman, Lane & Lilly, Harry J. Altman II*, for appellants.
*William F. Mabe, A. Guy Smith, Jr.*, for appellee.