## ARGUED AND DETERMINED

IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT CASSVILLE,

### MARCH TERM, 1849.

No. 56.—Wm. K. Briers, plaintiff in error, *vs.* Robert P. Hackney and Wife and others, defendants.

[1.] Where the defendant, as guardian, pleaded in bar the receipts of his wards, as evidence of a final settlement with them, on their arrival at full age, to a bill filed against him by them to account: *Held,* that the admission of the defendant in his answer, in support of his plea, that he had not made his regular returns, as guardian, to the proper Court of Ordinary, of the receipts and disbursements of his wards' estate, was such a circumstance as cast suspicion upon the fairness of the settlement, and would avoid the plea.

In Equity, in Chattooga Superior Court. Tried before Judge Wright, October Term, 1848.

Robert P. Hackney and his wife, formerly Eliza C. Champion, and Erastus W. Champion, filed their bill in Chattooga Superior Court, against William K. Briers, the former guardian of Eliza C. Champion and Erastus W. Champion, alleging that they were the only surviving orphans of Jesse Champion, deceased; that as such orphans, they gave in for draws in the late Land and Gold Lottery, and drew the lot on which the village of Auraria now stands, worth $10,000, or some large sum; that Briers became the guardian of complainants, and as such, took possession of all their property, rented out the land, leased the houses standing

thereon, receiving large rents, and finally sold the said lot for $1700. The bill charged that Briers had never made any returns to the proper Court. The bill prayed an account and settlement.

To this bill Briers filed a plea, that after the said complainants came to lawful age, the said Hackney, for his wife, and the said Erastus, " did come to a full and complete settlement of all the matters and things touching the guardianship," and " after a full examination of the account then and there rendered, by this defendant, of all his actings and doings as guardian, did approve and allow the same, and did then and there receive of this defendant the balance due;" and upon the same day and year, did give to said guardian a receipt, under each of their respective hands, whereby they did " fully discharge and acquit this defendant from all future liability as guardian." Copies of which receipts were attached to the plea.

By an amendment to their bill, the complainants charged, that Briers, for the purpose of defrauding the complainants, failed to make any returns to the Court of Ordinary, and they being unable to ascertain the amount, were obliged to settle upon the representations alone of their guardian, who, by false and fraudulent representations, procured the receipts to be executed, and that Erastus Champion had never received as much as was expressed in the said receipt.

Briers, in an answer, filed in support of his plea, admitted that he did not make returns regularly to the Court of Ordinary, as required by law, but stated that he kept a full and fair account of all his actings and doings touching his guardianship, and denied that the complainants had relied alone on the representations of the defendant for the amount due them on the settlement made, or for the amount received by him as guardian. He denied ever making any false or fraudulent representations in making the settlements or procuring the receipts, or that such settlements were made in fraud of the just rights of complainants; " but, on the contrary, said settlements were made, and receipts given, upon a full, fair and correct statement and exhibit of all the actings and doings and accounts of this defendant, touching the estate of complainants that came to his hands," and " after a full examination of the whole matter, of all the accounts rendered, and all matters touching said estate;" that the complainants, in consideration of the accounts thus fully and fairly made to their satisfaction, did

release, discharge and acquit the defendant from all future liability as guardian. The answer, in support of the plea, farther denied and negatived all the other equitable circumstances charged in the bill, and insisted that the receipts were obtained upon no fraud or misrepresentations of the defendant, but were obtained fairly and honestly, and upon a full and complete settlement of all that was justly due.

Upon hearing the defendant's plea and the answer in support of it, the Court below disallowed the plea, and sustained the exceptions taken by the complainants, that the answer of the defendant did not cover the allegations made in the bill, as it originally stood, before the amendment. Whereupon, the defendant excepted and now assigns the same for error here.

W. AKIN, for plaintiff in error, cited the following authorities:

*Story's Eq. Pleadings*, 516, 517, 521, '23, '24, 533, '34, '35, 496, '97. *Mitf. Eq. Pl.* 240, '1, '2, '3, '4, '5, 261. 1 *Atkyns*, 303 1 *Mad. Ch.* 101. 6 *Ves.* 586. 4 *John. Ch. Rep.* 693.

W. H. UNDERWOOD and T. R. R. COBB, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The complainants filed their bill in the Court below, against the defendant, for a general account as guardian.

To this bill the defendant pleaded a final settlement with the complainants, and attached their respective receipts to his plea. To avoid the effect of the defendant's plea, the complainants amended their bill, and alleged that the defendant, for the purpose of defrauding them, failed and neglected to make any returns to the proper Court of Ordinary, or to any other Court, of his actings and doings as guardian, as by law he was bound to do, and ought to have done; and that the complainants were unable to ascertain the amount of money received by him, except by his representations. The complainants also alleged other acts of fraud on the part of the guardian, to avoid the receipts.

The defendant answered the amended bill. and denied all the charges and allegations of fraud, but admitted he had not made

his returns to the Court of Ordinary regularly, as required by law, of his actings and doings as guardian.

The Court below disallowed the defendant's plea in bar, and ordered him to answer fully the original bill; to which decision of the Court the defendant excepted, and now assigns the same for error in this Court.

Was the plea of the defendant, alleging a final settlement with his wards, according to the facts presented by this record, properly overruled by the Court below? In our judgment the defendant's plea was properly overruled.

That a receipt in full may be considered as *prima facie* evidence of a final settlement, is not denied; but even a receipt in full will not be a bar to a bill for an account, if there are suspicious circumstances appearing in the case. *Story's Eq. Pleadings*, 615, §799. Courts of Equity look with a jealous and scrutinizing eye, upon settlements made between a guardian and his ward, especially when the latter has just arrived at full age. In *Hylton vs. Hylton*, (2 *Vesey, Sen.* 548,) Lord *Hardwicke* says: " Where a man acts as guardian, or trustee in nature of a guardian, for an infant, the Court is extremely watchful to prevent that person's taking any advantage, immediately upon his ward's coming of age, and at the time of settling accounts or delivering up the trust, because an undue advantage may be taken. It would give an opportunity, either by flattery or force, by good usage unfairly meant, or by bad usage imposed, to take such an advantage."

Speaking of these settlements, Lord *Eldon* remarked, in *Hatch vs. Hatch*, (9 *Vesey*, 297,) " If the Court does not watch these transactions with a jealousy almost invincible, in a great majority of cases it will lend its assistance to fraud." The law required the guardian to make his annual returns of the receipts and disbursements of his ward's estate to the Court of Ordinary, for the inspection of all persons interested. It was his duty, under the law, to have made such returns, and public policy requires, that there should be a strict compliance with the law in this particular on the part of all guardians, executors and administrators. When the defendant made the settlement with his wards, he was in *default;* his accounts had not been submitted to the proper Court for inspection and approval, and that fact alone is sufficient to cast *suspicion* upon the settlement, and to avoid the defendant's plea, and we affirm the judgment of the Court below expressly on

that ground. We are not prepared to sanction a settlement made under such circumstances, until it is first shown to be fair and just, by the guardian, upon a full and impartial investigation before the proper tribunal.

Let the judgment of the Court below be affirmed.