## STEADHAM *et al. vs.* SIMS.

1. Receipts in full and final settlement, given to a guardian by his ward after becoming of age, and acquiesced in for more than four years, are *prima facie* binding upon the ward. If she desires to show fraud or other lawful reason in avoidance of them, the *onus* is on her to do so.

2. If a guardian settle with his ward out of court, it is his duty to inform her concerning the condition of her estate, that she may act with full knowledge, but it is not incumbent on him in all cases to make a precise and detailed statement of receipts and expenditures, debts with interest on them, etc.

Equity.    Guardian and Ward.    Fraud.    Before Judge
UNDERWOOD.    Polk Superior Court.    August Adjourned
Term, 1881.

Reported in the decision.

DABNEY & FOUCHE ; BLANCE & .HERBERT, for plain-
tiffs in error.

IVY F. THOMPSON ; E. N. BROYLES, for defendant.

CRAWFORD, Justice.

Martha A. Sims filed her bill against Simeon Steadham
for an account and settlement of her estate in his hands
as her trustee and guardian.

The defence relied upon was a compromise and full dis-
charge of all liability upon the payment of the amount
agreed upon between the parties.

Upon the trial of the case, the defendant, in connection
with other testimony, offered two receipts ; the first for
$500.00, bearing date October 20th, 1870, which recited
to be in full of all moneys due to Martha A. Sims from
her grand-father's estate ; the second bearing date De-
cember 4th, 1873, for $230, in full of all liability against
Simeon Steadham, as one of the executors of Martin Stead-
ham, deceased, as well as in full and complete satisfaction
for all claims against the said Simeon, as trustee of the said
Martha, in any shape, manner, or form, whatsoever.

The complainant sought to set aside the settlement of
her estate, as shown in the foregoing receipts, upon the
ground that they had been fraudulently obtained by with-
holding from her the true condition of the amount of
money due her by the said trustee and guardian.    Whilst,
on the other hand, it was insisted that she was informed
as to all the material facts in reference to the same.

The jury, under the charge of the court, found for the
complainant, and the defendant moved for a new trial

upon the grounds set out in his motion, three of which only are material here :

(1.) Because the judge charged the jury that, "four years of acquiescence, by the ward, after a full knowledge of all her legal rights, will bar the re-opening of the settlement made with her guardian. But on such occasions the burden of proof is on the guardian to show full knowledge and acquiescence on the part of the ward."

1. We cannot concur in this view of the law with our learned brother who so ruled, because the receipts here given, being in full settlement and signed by the ward, are certainly bindging upon her, unless she can show some good and lawful reason to the contrary.

She files her bill, and charges that he is in debt to her as her trustee ; he denies it ; the testimony comes ; she shows by his returns that he received it, and rests ; this puts the burden on him ; he shows her receipts in full and complete satisfaction, given more than four years before, and closes ; without rebuttal, the case is with the defendant. But to destroy the legal effect of her receipts, which must be a bar to her recovery until overcome, she surrejoins that they were procured by fraudulent representations made by him as to the amount of her estate. Of course, then, the burden rests upon her to make the proof.

(2.) Another error alleged is that the judge charged the jury, "If the guardian choose to settle out of court without citation, it is his duty to inform the ward fully and precisely of the whole state of her affairs, mentioning all money received for her, the amount due, with interest," etc.

2. The duty put upon the guardian by this charge is somewhat stricter than the law requires. The whole object of the law in such cases is to see to it, that neither imposition nor fraud is practised by the guardian upon the ward.

"The intent and spirit of the statute is, that the ward shall know all about the case, and act knowingly. We are not disposed to hold it to its letter, that there must be in every case an actual exhibit of accounts." Such is

the language of the present Chief Justice construing §1847 of the Code ; 59th *Ga.*, 797.

In this case, it was not pretended by the defendant, at the trial, that the ward had received the full amount of principal and interest that would have been due her upon a strict legal settlement, but the issue was, did she, in view of all the facts connected with the management of her estate, and with a full knowledge of its condition and amount, agree to settle on the payment of the sums named in the receipts, without mistake on her part, or imposition or fraud on the part of her guardian.   To have held this trustee, then, up to more than the letter of the law, and required him to have shown his ward precisely the whole state of her affairs, mentioning all the money received for her, the amount due, with interest, etc., was too exacting upon him, and especially upon an estate that had been brought down through the recent war.   A new trial should have been granted.

Judgment reversed.