Stewart *v.* DeLoach & Brother, and *vice versa.*

| 86 | 729 |
| 88 | 40 |
| 86 | 729 |
| 91 | 100 |
| 86 | 729 |
| 113 | 430 |

Lumpkin, J.—1. Error in admitting in evidence the copy of a written contract, where the original has not been properly accounted for, is cured when the other party produces and puts in evidence the original itself.

2. A charge stating substantially the law that admissions should be scanned with care, and cautioning the jury not to give them more meaning than they are justly entitled to, was not erroneous.

3. Defendants in error having by petition caused parts of the record to be brought up to this court which are unnecessary to an understanding of the errors complained of, it is adjudged that they be charged with the costs of all matter brought up by them on said petition.

4. The judgment of the court below having been affirmed on the main bill of exceptions, the cross-bill is dismissed.

February 23, 1891.

Evidence. Practice. Admissions. Before Judge Gustin. Bibb superior court. November adjourned term, 1889.

DeLoach & Brother sued Stewart for the value of certain machinery, and obtained a verdict. The defendant moved for a new trial, one ground of the motion being that the court admitted in evidence a copy of a written contract for the machinery which had been executed in duplicate, to which the defendant objected upon the ground that the original should be produced. The plaintiffs then proposed to show that the original was lost, and introduced testimony to make such showing; after which the court admitted the copy. At the conclusion of the evidence for the plaintiffs, the defend-

ant moved for a nonsuit, and the motion having been overruled, the defendant put in evidence the original duplicate in his possession.

The other ground of error insisted upon is, that the court erred in charging: "An admission of agents made while they are engaged in the business of their principal and made with reference to the matters in which they are engaged, is evidence against their principals; but admissions should be scanned with care. The jury should look to them carefully to see what they mean, and see that they are not being used to imply and to carry with them more meaning than they are justly entitled to." The admission referred to appeared, from the testimony of the defendant, to have been made by a man sent to his mill in answer to complaints he had made to plaintiffs long after the delivery of the machinery. Defendant testified that this man stated that plaintiffs had gone a little too far in their contract, that they could never comply, with it, and that there was no turbine wheel ever made which would run with the same amount of water as an overshot wheel. As part of the defence it was insisted that plaintiffs had guaranteed that the machinery would run defendant's mill with as small an amount of water as an overshot wheel he had been using was ever run with, and that this proved to be untrue.

A new trial was denied, and the defendant excepted. The plaintiffs excepted by cross-bill not material to this report.

DESSAU & BARTLETT, for Stewart.
STEED & WIMBERLY, *contra.*