## PHŒNIX INSURANCE COMPANY *v.* GRAY.

1. There being some evidence to support the verdict, which was approved by the trial judge, this court will not set it aside.
2. It is not the duty of a trial judge to intimate or express any opinion as to what weight or consideration should be given by the jury to an admission made by one of the parties. What weight should be given to the admissions of a party largely depends on the circumstances under which they are made, and the effect of such circumstances is to be judged by the jury alone.
3. A party to a suit who testified in his own behalf on a former trial, and who on a subsequent trial of the same case is offered as a witness, becomes in such subsequent trial an original witness, and is not " estopped " from testifying contrary to his evidence as reported on the former trial.
4. In an action to recover the amount of a fire-insurance policy, together with damages and attorney's fees for alleged bad faith on the part of the defendant in not paying the amount alleged to be due thereon within sixty days after demand and proof of loss, the defendant was not entitled to the opening and conclusion because of such admissions in his answer as would only entitle the plaintiff to recover the face of the policy with interest, without the introduction of evidence by the plaintiff, although it was further admitted that the amount sued for as attorney's fees would be reasonable if the defendant's refusal to pay the policy was in bad faith, it being expressly denied that there was any bad faith in this respect, and the trial having been conducted on the theory that the act allowing such damages was constitutional.

Argued February 6, — Decided May 25, 1901.

Action on insurance policy. Before Judge Nottingham. City court of Macon. February 1, 1900.

*Anderson & Grace,* for plaintiff in error.
*Estes & Jones,* contra.

LITTLE, J. Gray instituted his action against the Phœnix Insurance Company, seeking to recover a judgment under a fire policy, which covered a building and certain furniture, to the amount of $1,525 ; and a verdict was rendered in his favor. The company made a motion for a new trial, which was overruled, and it excepted.

One of the main questions in the case was, whether the policy sued on, which contained a stipulation that it should be void if the insured should make or procure any other contract of insurance, on the same property, had or not been rendered void by the procurement of other insurance on the same property by the insured, in contravention of its terms. As a matter of fact, after taking out the policy sued on, another policy was issued in the sum of $300 in the Orient Insurance Company, covering the same furniture as that insured by the defendant company, and there was no contention that the Phœnix Company had consented to this additional insurance. While admitting the fact that the Orient Company had issued the policy, it was contended by Gray that it was unauthorized, and constituted no contract of insurance, for the reason that it was taken out by one Rogers, who assumed to act for him without his authority. The company, on the other hand, contended that Rogers was the general agent of Gray, and was authorized by him to take out this policy in the Orient. It having been conceded that the property insured by the defendant company was consumed by fire, the right to recover, in the first instance, depended on the determination of the issue whether Rogers, either as the general agent for Gray, or as an agent specially authorized to do so, took out this policy for him, or, in the event that Rogers was not authorized to take out the policy, whether, after he had done so, Gray ratified his act. This is the second appearance of this case in this court, plaintiff having on each of the two trials recovered a verdict. The decision heretofore rendered in the case will be found reported in the 107 *Ga.* 110. The evidence in the present record is substantially that in the former record, and for a further reference to the facts and contentions in the case attention is called to the report of the case, there made.

1. Among other grounds, the motion for a new trial assigns as error the refusal by the trial judge to grant a new trial, because the verdict was contrary to law and against the weight of the evidence, and alleges that the court erred in not directing a verdict for the defendant. It was said by Presiding Justice Lumpkin in the opinion rendered when the case was previously considered that, apparently, the evidence predominated on the side of the defendant; and we are satisfied, from an examination of the record, that it did so in the present case. While this is so, there is evidence in the record

which, to a certain extent at least, supports the verdict which was rendered in favor of the plaintiff. Gray contended that he never procured any contract of insurance on the property destroyed, other than that made with the defendant company. He testified that Rogers was not his general agent, and was not authorized to procure the policy in the Orient. If this was true, then it must follow that the contract with the defendant company was not rendered void because of the fact that Rogers had taken out, in the name of Gray, a second policy on the furniture. Whether this was or not true was a question which was properly referred to the jury; and when that tribunal rendered a verdict in favor of Gray, they virtually determined that Gray's evidence was true, and it was sufficent to support the finding if the jury gave credence to it. The trial judge approved the verdict. While it is our opinion that the strong and decided weight of evidence was against this finding, we can not, taking into consideration the approval of that finding by the trial judge, set aside the verdict and order a new trial; but, under the well-settled rule which obtains in this court, there being some evidence to sustain the verdict, and it having been approved by the trial judge, it must stand. There was, therefore, no error committed in overruling the motion for a new trial on the grounds above stated.

2. In the second ground of the plaintiff's amended motion error is alleged in the refusal of the trial judge to give the following written request: "While proof of the fact that admissions were made, and of the terms in which they were made, ought to be cautiously scanned, yet when deliberately made and precisely identified, they are usually received as satisfactory. Admissions by parties are not to be regarded as an inferior kind of evidence; on the contrary, when satisfactorily proved they constitute a ground of belief on which the mind reposes with strong confidence." The contention of the plaintiff in error is, that the request as made was sound law, and in the very language of the Supreme Court of this State, that it related to a vital point in the case, and that the charge as requested should have been given. Before passing on the contention thus made, it is better, perhaps, to consider for a moment the principles of law involved in this request to charge. It asserts, first, that admissions ought to be scanned with care. This is a universal rule of law, concerning which there is, and can be, no con-

tention. Another proposition which it contains is, that when an admission has been deliberately made, and it has been satisfactorily shown that the precise admission sought to be introduced was made by the party, then that admission is usually received as satisfactory proof of the fact to which the admission relates. Undoubtedly this must be the conclusion which any reasonable mind would reach, when it seeks to arrive at the proper determination of a fact through the medium of evidence. While this is true, yet if the jury considering the evidence should be so instructed, there is no escape from the conclusion, not only that the jury are told that one kind of evidence should, in their deliberation, be given more weight than another, but they are also told that proof of an admission after having been cautiously scanned is proof of the fact admitted. We are aware that in very many cases heretofore passed upon by this court, and which will be hereafter referred to, different judges, in the course of the reasoning by which they arrived at the rulings made, not only, when considering the effect of admissions as evidence generally, characterized them as being of the character indicated, but in doing so have used the very language embodied in this part of the request to charge. But the language so used is not to be taken as rulings made by this court.

Mr. Justice Lewis in the case of the *Raleigh & Gaston R. Co.* v. *Allen,* 106 *Ga.* 572, very aptly said, in the opinion which he delivered in that case: "The ruling of the court that all admissions should be scanned with care is authorized by section 5197 of the Civil Code. But there is nothing in this section of the code, nor in any other statute of the State, which declares that when an admission is established to the satisfaction of the jury it constitutes a high degree of evidence and the jury should give it great weight. It may be sound philosophy, founded upon human experience and a knowledge of human character, that an admission, made voluntarily by a party against his own interest, constitutes very strong evidence of the fact admitted. It is often the case that learned writers of law-books, and even courts, in the discussion of principles involving the weight of testimony and the credibility of witnesses, advance ideas, sound in themselves, which are not intended to be declared as positive law, but as a safe rule to guide mankind generally in reaching conclusions upon stated facts; but it does not follow from this that, however sound the philosophy of such rules

may be, a court should adopt them as positive law, apply them to a particular case, and give them as rules by which the jury should be governed in their deliberations.    In several of the States the judge is permitted to give to the jury the opinion he entertains of the evidence and his reasons therefor.    In this State, however, any intimation of an opinion by the court to the jury as to what fact has or has not been shown in a case is reversible error.    The weight of testimony and the credibility of a witness are peculiarly and exclusively, under the laws of Georgia, questions for the jury; and unless the statute expressly specifies how certain testimony should be received, what weight should be given it, whether it should be scrutinized with caution or care, it is, to say the least, a safer plan to leave the matter entirely with the jury.    In some instances, no doubt, the admissions of a party against his interest are entitled to great weight; but what weight should be given them would depend largely upon the circumstances under which they were made.    As to the effect of such circumstances upon the weight of testimony, the jury alone should judge."    Because certain language appears in the opinions of judges when discussing legal propositions, it by no means follows that such language, and the ideas which it embodies, can be given in charge to the jury without violation of law, not because the language used does not contain sound conclusions of law, but, although sound, they are conclusions reached by process of reasoning; and if the language expressing the conclusions so reached should be given to the jury, the effect is that they will be told what conclusions to reach in the investigation of the evidence, and thus the right of the jury to judge for themselves the force of the facts which the evidence establishes is restricted.

The question whether the charge requested should have been given is an important one.    Inasmuch as many prior decisions of this court have been cited to sustain the soundness of the propositions which it contains, we deem the determination of the question of sufficient importance to refer to the previous adjudications of this court made on the subject.    In the case of *Solomon* v. *Solomon*, 2 *Ga.* 30, a charge in regard to verbal admissions was given to the jury in the following language:    "They ought to be received with great caution, and if made by a party when ignorant of his rights, are not binding upon him; yet, when made deliberately, and precisely identified, are usually received as satisfactory."    Warner, J.,

in delivering the opinion of the court in that case, said, in reference to that portion of the charge, that "when we take into consideration that the admissions relied on were the verbal declarations of a *deceased person* deeply affecting his estate, the admonition of the presiding judge to the jury was not, in our judgment, improper." But the ruling of the court in that case was confined to the proposition that "when one, through a mistake of law, acknowledges himself under an obligation which the law will not impose upon him, he shall not be bound thereby." So this case can not be held as authority to support the legality of the charge requested. In the case of *Ector* v. *Welsh*, 29 *Ga.* 443, the trial judge instructed the jury that the testimony of a witness as to the statements and declarations of the parties was an *inferior* kind of evidence, yet it should be considered by the jury, and taking into consideration the situation of the witness, and his opportunities of knowing and hearing what he testified to, they might give it such weight as they thought proper. A portion of the request to charge in the present case was taken from the opinion of Stephens, J., in that case. He said: "We do not think that admissions by parties are to be regarded as an inferior kind of evidence; for, on the contrary, when satisfactorily proven, they constitute a ground of belief on which the mind justly reposes with strong confidence." In saying this he was discussing the proposition, enunciated by the trial judge, that admissions by parties were to be regarded as an inferior kind of evidence; and, differing with that judge, he used some of the language embodied in the request. But that was his language, and not the ruling of the court. The only ruling made on the subject of admissions in the case was, that they were not to be regarded as an inferior kind of evidence, but the testimony which proved that admissions were made, and the terms in which they were made, should be scanned with caution. From the opinion in the case of *Hunter* v. *State*, 43 *Ga.* 523, we take the following, as showing what occurred on the trial of that case, the instructions of the trial judge, and the ruling of this court thereon: "During the argument counsel insisted, upon the authority in 17 *Georgia*, that confessions were the highest species of evidence; while counsel for the defense, under the authority of the Code, section 3739 [Civil Code of 1895, § 5197], insisted they were not. The court was requested by defendant's counsel to charge that confessions were the highest evidence, which

he declined, and charged the jury in the language of the code."
Concerning which Lochrane, C. J., said: "We see no error in the
charge made by the judge, under the laws of this State. He charged
the jury what the law was, and it was not his duty to have inti-
mated to them its effect, or to have graded its influence upon their
verdict by any classification." The ruling of this court as embodied
in the 4th headnote in that case was that it was not the duty of
the judge to classify the evidence as to its weight or consideration,
or to intimate any opinion thereon. In the case of *Ford* v. *Ken-
nedy*, 64 *Ga.* 537, it was ruled: "It was not error for the court to
refuse to charge that admissions, when clearly proved, became evi-
dence of a high character. The jury should determine the weight
to be given to evidence. 'All admissions should be scanned with
care.'" In delivering the opinion in that case Mr. Justice Jackson
said, in effect, that, having charged as to the weight of such testi-
mony that "all admissions should be scanned with care, and con-
fessions of guilt received with great caution," there was no impro-
priety in the judge's refusing to charge further. The request re-
fused in that case was: "While admissions should be scanned with
care, yet, when clearly proved, they become evidence of a high
character." In the case of *Ocean Steamship Co.* v. *McAlpin*, 69
*Ga.* 438, this court ruled that the charge on admissions, being in
substantial compliance with the code, should have been given, the
charge requested being, "admissions of parties must be closely
scanned and received with care;" but further ruled, in effect, that to
have simply charged that "admissions should be scanned with care"
would have been in exact conformity to the Code. In the case of
*Stewart* v. *DeLoach*, 86 *Ga.* 729, this court ruled that "A charge
stating substantially the law that admissions should be scanned with
care, and cautioning the jury not to give them more meaning than
they are justly entitled to, was not erroneous." See, in this con-
nection, *City of Atlanta* v. *Brown*, 73 *Ga.* 630. This court also
ruled in *Hawkins* v. *Kermode*, 85 *Ga.* 116, that "Admissions of
one of the parties to the suit, given in evidence by the other, need
not be referred to specially in charging the jury, where no request
to do so is made by either party." On this subject Chief Justice
Bleckley, in delivering the opinion of this court, said, among other
things: "The admissions were simply a part of the evidence, and
the jury would know that they ought to be considered for what

they were worth, without being told so by the court. Why should this class of evidence have been singled out by the court in the charge as the subject-matter of special mention and instruction? We can see no reason for so dealing with it, and doubtless none occurred to the mind of the court." A summary of the rules enunciated in the cases we have referred to seems to be as follows: First, a person is not bound by an acknowledgment that an obligation is resting upon him, which the law does not impose on him, when it is made through a mistake of law; second, that admissions of parties are not an inferior kind of evidence; third, it is not the duty of a judge to classify evidence as to its weight or consideration, or to intimate any opinion thereon; fourth, that unless requested it is not the duty of the trial judge to charge on admissions. We think that we are safe in saying that, under the authority of these cases, the request to charge was properly refused. It is true that in the case of *Smith* v. *Page*, 72 *Ga.* 544, this court ruled, that "A charge that admissions should be scanned with care by the jury, but that, when clearly made out and proved, they were high and strong proof against the party making them, though somewhat inaptly expressed, is substantially correct;" and in the case of *Mercer* v. *State*, 17 *Ga.* 169, this court held that, under the circumstances under which it was given, a charge that confessions, when freely and voluntarily made, were the highest kind of evidence, was sufficiently correct. But one of the circumstances referred to by the court in its ruling was the fact that the trial judge, "in the course of his remarks, also told them [the jury] that they must weigh them as any other testimony." So that, of these numerous cases, we only have the ruling in the 72 *Ga.* that such a charge as was here requested would have been proper or lawful. When we pass from the decisions of our own court to those of other jurisdictions, we find much authority against the legality of such instructions. The compilers of the American and English Encyclopædia of Pleading and Practice, citing many authorities therefor, state the general rule thus: "The weight of authority is . . against instructing that, under certain circumstances, confessions or admissions are strong evidence, the view being taken that the statements of text-writers on this subject are to be regarded as persuasive rather than as authoritative rules of law." 11 Am. & Eng. Enc. L. 335. See also cases there cited. For these reasons we are not even prepared to rule that if the charge requested had been given it would have been legal.

3. The trial judge was requested to charge the jury as follows: "If the jury believe from the evidence that on any former trial of this case the plaintiff, under oath, has made any admissions against his interest, such admissions would be under the law solemn admissions *in judicio*, and the plaintiff on this trial would not be heard to deny the facts so admitted, and the jury would not be authorized to consider on this trial any denials of such facts so admitted on previous trials." The principle involved in this request to charge would carry the doctrine of admissions to an extent, as we think, never before contemplated. "A party to a suit who testified in her own behalf on the trial, and who on a second trial of the same case is offered as a witness, becomes in such second trial an original witness, and is not 'estopped' from testifying contrary to her evidence as reported on the former trial." *Owen* v. *Palmour*, 111 *Ga.* 885. There was no error in refusing the request to charge. The witness, of course, in the second trial was subject to impeachment, and evidence as to what he did swear on a former trial was admissible for the purpose of impeaching him and otherwise attacking his credibility; but we know of no principle of law which would prevent a witness on the second trial of a case from testifying in direct contradiction to what he swore in the first. After all there is but one sound rule: Let the jury judge of the credibility of the witness. Evidence of contradictions in former testimony is one of the things which would affect that credibility — how much, the jury must determine.

4. In the motion for a new trial error is also alleged in the court's refusal to grant defendant the right to open and conclude. It is insisted that the admissions in the amended plea, made before the trial commenced, were sufficient to establish a prima facie case for the plaintiff. The pleadings show that plaintiff brought his action, first, to recover the face of the policy with interest; second, to recover, in addition, attorney's fees and damages, because of defendant's failure to pay this claim within sixty days after proof of loss and demand, expressly alleging that the refusal to pay was in bad faith. The amended plea of defendant admits enough to make out a prima facie case on the part of plaintiff for the recovery of the face of the policy, and also that the amount sued for as attorney's fees would be reasonable if defendant's refusal was in bad faith; but it avers "that its defense as set out in its original answer is in

good faith and based upon reasonable grounds, and that the plaintiff should not recover, for the reason set out by the defendant in its said answer, because of the violation by the said plaintiff of certain warranties and conditions by him undertaken in said contract of insurance." The rule as to who is entitled to open and conclude in cases arising ex contractu is laid down in *Abel* v. *Jarratt,* 100 *Ga.* 732, as follows: "In order to entitle the defendant in a civil action, arising ex contractu, to the opening and conclusion of the argument by virtue of an admission that the plaintiff has a prima facie right to recover, the defendant must, before the introduction of any evidence, admit facts authorizing, without further proof, a verdict in the plaintiff's favor for the amount claimed in the declaration." See also *Massengale* v. *Pounds,* Id. 770; *Reid* v. *Sewell,* 111 *Ga.* 880. In cases of torts the plea of justification admits the act to be done and entitles the defendant to all the privileges of one holding the affirmative of the issue, provided it is filed before the plaintiff submits any evidence. Civil Code, § 3891. The damages and attorney's fees included in this action were not sought to be recovered for a tort of the plaintiff, because they flow from an alleged breach of the contract. Upon the assumption that the law allowing such damages was constitutional (and this was not questioned at the trial below), these damages were recoverable in an action on a contract of insurance where in bad faith the company delayed for more than sixty days to pay the policy, after proof of loss and demand. Civil Code, § 2140. We must deal with the case as it was tried, and not in the light of the recent decision in *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765, in which it was held that the act allowing such damages is unconstitutional. The greater number of the authorities cited by counsel for plaintiff in error, in support of its contention that the right to open and conclude was with the defendant in the court below, relate to pleas of justification in actions for tort. We do not think that the admissions in this case meet the requirements as laid down in *Abel* v. *Jarratt,* supra; for, in order to recover the damages claimed in the declaration, it is essential that plaintiff prove defendant's bad faith, which bad faith is expressly denied in defendant's answer. Had the case been submitted to the jury on the pleadings, and no proof been introduced by either party, what would have been the measure of plaintiff's recovery? Only the face of the policy with interest.

Was this the only amount sued for? Surely not; and because it was not, we are bound to rule that the admissions in defendant's amended answer were not sufficient to make out a prima facie case for plaintiff for the amount claimed in the petition. This being so, the plaintiff was entitled to the opening and conclusion, and the trial judge committed no error in refusing to allow this right to the defendant.

. After a consideration of the other grounds of the motion for a new trial, it is our opinion that the court did not err in refusing to order a new trial for any of the reasons assigned in them.

*Judgment affirmed. All the Justices concurring.*