11390. PITTS, administrator, *v.* RAPE.

JENKINS, P. J. 1. " A charge stating substantially the law that admissions should be scanned with care, and cautioning the jury not to give them more meaning than they are justly entitled to, was not erroneous." *Stewart* v. *DeLoach,* 86 *Ga.* 729 (2) (12 S. E. 1067); *Phœnix Ins. Co.* v. *Gray,* 113 *Ga.* 424, 430 (38 S. E. 992).

2. While a court of record has plenary control of its judgments during the term at which they are rendered (*Jones* v. *Garage Equipment Co.* 16 *Ga. App.* 596, 85 S. E. 940), still it is mandatory that they shall in all cases conform to the true meaning and intent of the verdict. *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734 (5) (58 S. E. 244); *Manget* v. *White Crown Fruit Jar Co.,* 20 *Ga. App.* 339 (93 S. E. 307). Thus, in a suit on a note, where the plea filed is that of complete payment, and where a verdict is rendered in favor of the defendant, it is beyond the power of the judge, either in term time or thereafter, to enter up a judgment in favor of the plaintiff in a named amount, although the evidence of the defendant himself in support of his plea of payment might have demanded such a verdict. It was the duty of the judge on motion to set the verdict aside, as being contrary to evidence. *Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 2, 1920.

Complaint; from city court of Houston county — Judge Riley. February 9, 1920.

*Marlin & Marlin,* for plaintiff in error.

*M. Kunz,* contra.