### COOK *v.* McGARRITY *et al.*

Applying the controlling legal principles to the undisputed evidence, and giving effect to all reasonable deductions therefrom, it was not error to hold as matter of law that the plaintiff, after attaining majority, affirmed her deed executed during her minority; and to direct a verdict in favor of the defendants.

No. 4631.    SEPTEMBER 22, 1925.

Complaint for land. Before Judge Yeomans. Early superior court. October 27, 1924.

*W. I. & P. Z. Geer,* for plaintiff.

*B. W. Fortson, A. H. Gray,* and *W. G. Park,* for defendants.

RUSSELL, C. J. When this case was before the Supreme Court on a former occasion (*McGarrity* v. *Cook,* 154 *Ga.* 311, 114 S. E. 213), the judgment of the trial court denying the defendants a new trial was reversed, this court holding: "If an infant executes a deed he may, after attaining majority, affirm it by acts which reasonably imply an affirmance, and after such affirmance he will be estopped from avoiding the deed on the ground of infancy at the date of its execution. Under the pleadings and the evidence it was erroneous to fail to charge the principle just stated, and to charge in such manner as to exclude the question of estoppel from consideration of the jury." The report of the case shows a full statement of the facts upon which the decision of this court was rendered. On the subsequent trial the case was tried, by agreement, upon the same evidence that had been introduced in the former

trial, with the addition of the introduction of one witness by the defendants, whose testimony was merely cumulative of the defendants' evidence on the former trial. The court directed a verdict for the defendants, and error is assigned upon· a judgment refusing a new trial, which complains of the direction of the verdict on the ground that the evidence did not as a matter of law demand a verdict for the defendants. In the course of the opinion in the former case, supra, it was said: "It may be stated as a rule, that if an infant executes a deed, he may after attaining majority affirm it by acts which reasonably imply an affirmance, and after such affirmance he will be estopped from avoiding the deed on the ground of his infancy at the time of its execution. The evidence tended to show, among other things, that plaintiff, an educated woman 19 years of age, executed her deed to her brother for the purpose of enabling him to sell her interest in the land to third persons. The deed did not disclose infancy of the grantor, stated a fair consideration, and was duly recorded.. The grantee sold the land upon a full consideration to purchasers without notice of the plaintiff's infancy, who with their successors retained possession and occupancy of the property without notice of such infancy until the plaintiff was 27 years of age. The plaintiff was fully aware of the fact of the sale by her brother and the subsequent sales of the purchasers from him, and of their several possessions and occupancy of the property. After her attainment of majority, with knowledge of the facts above stated the plaintiff visited the home of the purchasers, which was the property conveyed in part by her deed, and did not at any time intimate to them the fact that she was an infant at the time her deed was executed, or that she claimed an interest in the property. Her interest in the money received from the sale of the land was retained by her brother under a parol agreement with plaintiff, after her majority, that he would hold it for her reinvestment in other property when she should select another investment. She failed to make the selection, and on account of such failure her brother did not make any investment. After the death of her brother the plaintiff demanded the money from his widow, and, after refusal by the widow, instituted the action on the basis of a disaffirmance of her deed. Such conduct upon the part of plaintiff after her attainment of majority, in agreeing with her brother that he should hold her part of the

money for. reinvestment, was a clear recognition of the sale and affirmance of her deed." The last sentence in the above quotation was followed by the further statement "and the jury would have been authorized, in the circumstances, to have found that there was an implied affirmance of the deed, and that the plaintiff was estopped from avoiding the sale." What was said was dealing with assignments of error upon the charge to the jury, no question being involved as to the propriety of directing a verdict. In the present case the assignment of error is upon the direction of a verdict for the defendants, and the question now for determination is whether the court, on substantially the same evidence, erred in so directing. The evidence above stated is without conflict, and is the equivalent of admission of all the facts stated in the evidence. Treating those facts as speaking the truth, and giving effect to all reasonable deductions therefrom, they bear but one interpretation, and lead to the inevitable conclusion that the plaintiff after attaining majority affirmed her deed made during minority, and consequently was estopped from subsequently repudiating it on the ground of minority at the date of its execution. If the case had been submitted to the jury it would have been erroneous, as stated in the former decision of this court, to omit to charge, and to exclude from consideration of the jury by the charge, the principle of affirmance and estoppel referred to above, but that does not mean that the court might not, upon application of the same principle to the undisputed evidence, decide the question, and, giving effect to the plain meaning of the evidence, hold as a matter of law that the plaintiff had affirmed the deed after attaining majority, and was therefore estopped from repudiating it on the ground of minority at the date of its execution. The evidence was of the character above indicated, and applying the foregoing principles to the evidence and giving effect to all reasonable deductions therefrom, the judge did not err in directing a verdict for the defendants.

*Judgment affirmed. All the Justices concur.*