KYTLE *et al.* v. KYTLE, executor; *et vice versa.*

BELL, Justice. This was a suit against an executor for accounting and for other relief. The executor was the son of the testatrix, and he and a minor child of a deceased son were the only beneficiaries under the will. The will first provided for a special bequest to the minor, and then gave to him one half of the residue. Interest on the legacies of the minor was to be paid annually to his mother for his benefit. The suit was brought by the mother in her own behalf and as natural guardian and next friend of the minor. The testatrix was at one time guardian of the father of this minor; and by an amendment the plaintiff sought to recover of the executor an amount alleged to be due by the testatrix as such guardian. This and the claims based on the will were all referred to an auditor, to whose report exceptions were filed by both parties. The court sustained one of the plaintiff's exceptions to the auditor's findings of fact, but disapproved all other exceptions to his findings of fact and overruled all exceptions to his conclusions of law. To the final decree, which consistently followed, both parties excepted. *Held:*

1. The insurance policy on the life of the testatrix, payable to her two sons in equal shares, but containing a provision that "if any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured," became payable in equal parts to the surviving son and to the estate of the insured on the death of the other son before the death of his mother, the insured. The surviving son, as executor, was thus accountable in his representative capacity for only one half of the proceeds of this policy, and the auditor and the trial judge properly so held. A different ruling was not required because of admissions in the executor's original answer, such admissions having been expressly withdrawn by amendment. *Alabama Midland Railway Co.* v. *Guilford,* 114 *Ga.* 627 (40 S. E. 794); *Mims* v. *Jones,* 135 *Ga.* 541 (69 S. E. 824); *McConnell* v. *Gregory,* 146 *Ga.* 475 (91 S. E. 550). Nor did the stricken admissions, with the other evidence, demand a finding or ruling to the contrary.

2. The testatrix, while acting as guardian for the father of the minor in whose behalf the present suit was instituted, advanced to her ward, out of funds inherited by him, a sum of money with which to buy an aeroplane, the ward being at the time about 20 years of age. This advancement was made without any order of court, and no return respecting the same was ever made by the guardian; nor did the ward give any receipt or release therefor either before or after his arrival at majority.

The aeroplane was soon wrecked, and the advancement thus lost by the action of the ward. The evidence authorized the inference that the amount thus advanced to the ward was $800, and that during a period of more than four years after his arrival at majority he stated to several persons at different times that he had received and spent his inheritance. During the interim between his arrival at majority and his death at an age of about 25½ years, he visited his mother at frequent intervals, and there was no evidence of an inclination on his part to require his mother to account for the sum so advanced to him. The transaction was one which the ward could affirm on becoming of age, and in the circumstances the auditor was authorized to find a ratification on his part, and, to that extent, to deny a recovery against the executor of the testatrix. See, in this connection: *Steadham* v. *Sims*, 68 *Ga.* 741 (2); *Poullain* v. *Poullain*, 72 *Ga.* 412 (4); *Adams* v. *Reviere*, 59 *Ga.* 796; *Bennett* v. *Bird*, 139 *Ga.* 25 (76 S. E. 568); *Cook* v. *McGarrity*, 161 *Ga.* 145 (129 S. E. 644); *Bell* v. *Swainsboro Fertilizer Co.*, 12 *Ga. App.* 81 (76 S. E. 756); *Thompson* v. *Neely*, 32 *Ga. App.* 131 (123 S. E. 171); *Hood* v. *Duren*, 33 *Ga. App.* 203 (125 S. E. 787); 28 C. J. 1158-9, § 274-5; 31 C. J. 1062, § 154.

(*a*) The evidence did not demand a finding in favor of the executor as to the remainder of the funds which came into the hands of the testatrix as such guardian. *Phœnix Ins. Co.* v. *Gray*, 113 *Ga.* 424 (2), 430 (38 S. E. 996); *Hill* v. *Armour Fertilizer Works*, 21 *Ga. App.* 45 (5) (93 S. E. 511); *Pitts* v. *Rape*, 25 *Ga. App.* 722 (104 S. E. 643).

(*b*) No question has been raised as to whether a recovery on this claim should be had only by a legal representative of the deceased ward.

3. The plaintiff's claim on account of the former guardianship of the testatrix was made by an amendment, to which the defendant executor filed an answer. The plaintiff filed a demurrer to this answer, and excepted to the report of the auditor overruling such demurrer. The judge did not err in overruling this exception. The answer was not subject to the grounds of general demurrer, and the overruling of the special grounds was harmless, if erroneous. The defendant was not required to answer the plaintiff's amendment; and even if he had filed no answer thereto, he still could have met the amendment with the evidence which he introduced. See *Central of Georgia Ry. Co.* v. *Brandenburg*, 129 *Ga.* 115, 119 (58 S. E. 658); *Hoffman* v. *Franklin Motor Co.*, 32 *Ga. App.* 229 (7), 236 (122 S. E. 896), and cit.; *Norwood* v. *Fidelity & Deposit Co.*, 38 *Ga. App.* 534 (1*b*) (144 S. E. 387). This ruling is not in conflict with the decision in *Briers* v. *Hackney*, 6 *Ga.* 419. In that case it was decided only that the settlement was not ground for a *plea in bar*. The court did not hold that the settlement would not constitute a good defense, if shown to be fair and just, "upon a full and impartial investigation by the proper tribunal." Nor are any of the present rulings contrary to the decisions in *McKee* v. *McKee*, 48 *Ga.* 332 (2), and *Hoyt* v. *Ware*, 156 *Ga.* 98 (4) (118 S. E. 734).

4. An exception to the report of an auditor must distinctly specify the errors complained of, and be complete within itself. *Loyd* v. *Camp*, 172 *Ga.* 510, 515 (158 S. E. 40). The exception should also contain all facts and rulings necessary to show harmful error. *Coosa Land Co.* v. *Edger-*

*ton Mfg. Co.*, 165 *Ga.* 808 (142 S. E. 149); *Baxter* v. *Camp*, 126 *Ga.* 354 (4) (54 S. E. 1036).

5. It does not clearly and distinctly appear that the report of the auditor, so far as approved by the trial judge, contained error prejudicial to either party. From the record it can not be said as a matter of law that the executor was not charged with the proper amounts of interest, or that he was not entitled to credits for the expenses and commissions allowed, or that any of the rulings on the admissibility of evidence resulted in harm to the objecting party. None of the exceptions by either party can be held to show cause for a reversal.

*Judgment affirmed on both bills of exceptions. All the Justices concur, except Gilbert, J., absent.*

Nos. 10684, 10706. JULY 11, 1935. REHEARING DENIED AUGUST 10, 1935.

*C. N. Davie* and *J. F. Kemp,* for plaintiffs.

*A. H. Henderson* and *Mundy & Mundy,* for defendant.