### 28900. ROWLAND v. VICKERS.

GUNTER, Justice.

We granted a writ of certiorari to review a 5-4 decision of the Court of Appeals. The majority and dissenting opinions in that court are reported at 131 Ga. App. 121 (205 SE2d 503).

The issue for decision is this: Where only one of two defendants can be liable in tort for damages to the plaintiff, does the dismissal of an action with prejudice against the first defendant preclude, as a matter of law, the plaintiff from bringing the same action against the second defendant?

The Court of Appeals held that the second action could not be brought and affirmed a summary judgment rendered in favor of the second defendant in the trial court.

We conclude that the judgment of the Court of Appeals must be reversed.

The dismissal of the action against the first defendant was effected by the following judgment: "It appearing to the court that the parties in the above matter have reached an agreement settling all issues in this action and it appearing that such settlement is in the best interest of the parties, it is ordered that said action be dismissed and the same is hereby dismissed with

prejudice."

The dismissal of an action against a defendant with prejudice even when a consideration is paid by such defendant to the dismissing party, does not, as a matter of law, adjudicate all issues in the case. Such a dismissal merely means that the same plaintiff cannot again sue that same defendant on that same cause of action. The dismissal of an action with prejudice against a defendant adjudicates only the non-liability of that defendant to the plaintiff. It does not adjudicate other issues. Such a dismissal is not the equivalent of a judgment rendered in favor of the plaintiff against the defendant, because such a judgment does adjudicate the liability of the defendant to the plaintiff. In short, a judgment of dismissal with prejudice against one defendant is not repugnant to and inconsistent with another judgment rendered in favor of the same complaining party against another defendant on the same cause of action.

A dismissal with prejudice against one defendant does not preclude the same plaintiff from bringing the same cause of action against another defendant. The second defendant may be able to prove full satisfaction for the committed tort by the first defendant, but that is a question of fact that cannot be resolved unless the evidence submitted clearly and unequivocally shows full satisfaction by the first defendant. Such clear and unequivocal evidence is not present in this case, and the summary judgment rendered in the trial court was erroneous.

*Judgment reversed. All the Justices concur, except Hall, J., who is disqualified.*

ARGUED JUNE 10, 1974 — DECIDED OCTOBER 1, 1974 —
REHEARING DENIED OCTOBER 18, 1974.

*Jack J. Helms, Farrar & Farrar, Arthur C. Farrar,* for appellant.

*Bennett, Pedrick & Bennett, John W. Bennett, Preston & Preston, M. L. Preston,* for appellee.