65945. SEARS v. CITIZENS EXCHANGE BANK OF PEARSON et al.

BIRDSONG, Judge.

Opening Default Judgment. Prior to his death, L. F. Sears purchased a $70,000 certificate from Citizens Exchange Bank naming himself and his wife Verdie (appellant) as payees. For reasons of estate planning, Mr. Sears, just before his death, had Mrs. Sears'

name removed from the certificate. After his death, his sister Mrs. Kirkland (appellee) was named administratrix of his estate and took possession of the certificate as belonging to the estate. Mrs. Sears sought a declaratory judgment to ascertain who was the rightful owner of the certificate, naming the bank and Mrs. Kirkland as defendants. The bank filed an answer disclaiming any stake in the outcome, seeking only to pay out the certificate to the proper owner of the certificate. Mrs. Kirkland was served a copy of the complaint and, on the same day, delivered it to her (the estate's) attorney, Mr. Welch. After the passage of more than 60 days during which no answer was filed by Welch on behalf of Mrs. Kirkland, Mrs. Sears moved for a default judgment which was granted. When the default was brought to the attention of Welch (and Mrs. Kirkland), Welch paid costs, filed an answer and moved to open the default. Hearing was held on the motion to open default before the judge who granted the default. Mrs. Kirkland was represented by Welch and a second attorney.

At that hearing, Welch offered evidence that it had been his mistake and negligence that allowed the case to go into default and urged the court not to penalize Mrs. Kirkland for his mistake. The trial court denied the motion to open default and entered final judgment. Over 30 days passed without an appeal being taken from the denial of the motion to open default. During this interim, attorney Welch died and Mrs. Kirkland retained yet another attorney to represent her interests. The new attorney moved before another judge of the same superior court circuit a second time to reopen the default judgment, offering evidence of the mental competence and drinking habits of Welch and contending that in spite of Welch's reputation in the community, this constituted newly discovered evidence and warranted a second hearing on a motion to open default. The trial court granted the second motion to open default. Mrs. Sears sought an interlocutory appeal from the order based on a certificate for immediate review granted by the trial court. This court granted Mrs. Sears' motion and this appeal was timely filed. In substance, through several enumerations of error, Mrs. Sears complains the trial court erred in reconsidering a previously ordered default and final denial of motion to open default. *Held:*

Mrs. Kirkland argues that the judgment of the first superior court judge entering judgment on the pleadings and denying the motion to open default remained within the bosom of "the superior court" and that court, regardless of the identity of the judge acting thereon, retained the power within the same term to modify the judgment and reopen the same. Under appropriate circumstances, we have no problem with this argument. For instance, if default were entered and motion to reopen denied, and prior to the expiration of

the time for appeal the judge denying the motion to reopen is unavailable due to death, illness or absence, we would not penalize the moving party because of the unavoidable absence of the judge. However, we are not willing to extend the relaxation of the appellate rules to all situations. In this case Mrs. Kirkland, by virtue of her attorney's inaction, failed to file an answer within the time provided by statute, thus subjecting herself to a default by operation of law. When presented with the opportunity, albeit unsuccessful, to present evidence why the default should be opened and while represented by yet another attorney, she allowed her time to expire in which to file an appeal to the second adverse ruling. Now she seeks to make argument of substantially the same facts but before a different judge and to overturn the judgment of the first. Mrs. Kirkland sought to present before the second judge evidence that because of his habits and condition, Mr. Welch failed to file an answer. We consider this amounts to no more than a reiteration, perhaps an embellishment, of Welch's admissions that because of his neglect, no answer had been filed.

Generally, whether the trial court opens a default is a matter resting within the sound discretion of the court. *Taurus Productions v. Md. Sound Indus.,* 155 Ga. App. 147, 148 (2) (270 SE2d 337). However, we subscribe to the argument advanced by appellant in this case that usually the case rests in the bosom of the trial judge who originally heard the case and entered the order. One of the reasons authorizing a judge to open a default is that a meritorious reason is shown and that reason is brought to the judge's attention during the same term as that in which the original judgment was entered. Thus, the judge familiar with the proceedings, who heard the motion to open, may, during the same term of court, revise, correct or reconsider a judgment upon his own motion as well as motion raised by a party, and he may reconsider without notice to anyone. See *Pekor v. Clark,* 236 Ga. 457, 458 (224 SE2d 30). To allow a losing party to bring before a different judge a renewed motion and dispute a ruling on a motion already heard and denied, after the time for appeal has passed, makes a mockery of the principle of res judicata and wholly disregards the rules of appellate procedure. It allows full sway to a practice that courts abhor, the practice of "judge shopping," seeking to find a judge who is more responsive to arguments than the last. We must conclude that when Mrs. Kirkland repeatedly allowed the time for appeal to pass without taking action, on this second occasion the judgment of the trial court became conclusive as between the parties as to all matters put into issue or that could have been put into issue. *Delta Air Lines v. Woods,* 137 Ga. App. 693, 695 (224 SE2d 763). Though Mrs. Kirkland personally acted with

diligence, nevertheless, the neglect of her attorney Welch as well as the second attorney assisting Welch at the hearing on the motion to open default becomes her neglect and their acts are fully imputable to her. See *Rahal v. Titus,* 110 Ga. App. 122, 129 (138 SE2d 68); *Martin v. Parham,* 14 Ga. App. 257 (80 SE 674). There being a finality of action, we conclude the trial court abused its discretion in opening the default and vacating the judgment on the pleadings. See *Ga. Farm Bldgs. v. Willard,* 165 Ga. App. 325 (299 SE2d 181); *Millholland v. Stewart,* 166 Ga. App. 317 (304 SE2d 533).

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 9, 1983 —
REHEARING DENIED JUNE 8, 1983 — ■■■■■■■■■■■

*M. L. Preston, James D. Hudson,* for appellant.
*Jack J. Helms, Charles R. Reddick, George H. Wynn,* for appellees.