### 43174. CITIZENS EXCHANGE BANK OF PEARSON v. KIRKLAND.

(344 SE2d 409)

CLARKE, Presiding Justice.

Mr. Sears, now deceased, bought a certificate of deposit from the Citizens Exchange Bank issued to "Mr. or Mrs. L. F. Sears." Later, he had her name removed from the CD. Mr. Sears died in 1982. Mrs. Kirkland is his executrix. Mrs. Sears filed an action against Mrs. Kirkland and the bank seeking a declaratory judgment regarding ownership of the CD. Mrs. Kirkland was named as a defendant because she is executrix under the will. Mrs. Kirkland did not answer, and the bank answered that it was a neutral party. The court entered a judgment on the pleadings, declaring that Mrs. Sears was the sole owner of the CD. An order by another judge opening the default was reversed by the Court of Appeals.

Mrs. Kirkland filed the present action against the bank seeking to recover damages for its negligent advice to Mrs. Sears which resulted in the estate's losing the CD. The bank moved for summary judgment on the grounds of res judicata, estoppel by judgment or collateral estoppel. The trial court denied summary judgment, and the Court of Appeals refused to grant the application to appeal. We granted certiorari to consider whether the present action is barred by res judicata, estoppel by judgment, or collateral estoppel because the issues were decided or could have been decided in *Sears v. Citizens Exchange Bank of Pearson,* 166 Ga. App. 840 (305 SE2d 609) (1983).

We conclude that the present action is barred by res judicata. A judgment on the merits is conclusive as to all matters which were or could have been put in controversy between identical parties or their privies in identical causes of action. OCGA §§ 9-12-40; 9-12-42; *Norris v. Atlanta &c. R. Co.,* 254 Ga. 684 (333 SE2d 835) (1985); *Pope v. City of Atlanta,* 240 Ga. 177 (240 SE2d 241) (1977). Mrs. Kirkland, the plaintiff here, could have raised the issue of her co-defendant's negligence by way of cross-claim in the previous action. She argues that under OCGA § 9-11-13 (g), a cross-claim against a co-party is permissive only and that under *Berry v. Cordell,* 120 Ga. App. 844 (172 SE2d 848) (1969), a claim is not possible against a joint tortfeasor until after the plaintiff's claim is litigated. The difficulty with this argument is, first, that the first action was an action for declaratory judgment and injunction, not an action sounding in tort. Secondly, the bank in its answer declared itself a neutral party. The trial court's granting a judgment on the pleading essentially adjudi-

cated the bank a neutral party vis-a-vis the plaintiff, Mrs. Sears. Therefore, the bank could not have been a joint tortfeasor with Mrs. Kirkland, and the reasoning of *Berry v. Cordell* is inapplicable here.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

BELL, Justice, dissenting.

The majority of this court holds that the present action is barred by res judicata. I respectfully dissent, because in my opinion the holding misconstrues OCGA § 9-11-13 (g).

OCGA § 9-11-13 (g) cross-claims are permissive only, and it is therefore axiomatic that a "party who decides not to bring his claim under Rule 13 (g) will not be barred by res judicata, waiver, or estoppel from asserting it in a later action, as he would if the claim were a compulsory counterclaim under Rule 13 (a)," Wright & Miller, Federal Practice and Procedure: Civil § 1431 at 164 (1971).

DECIDED JUNE 18, 1986.

*Jack J. Helms, Willis H. Blacknall III,* for appellant.
*Charles R. Reddick,* for appellee.