73337. T. V. TEMPO, INC. v. T. V. VENTURE, INC.
(355 SE2d 76)

CARLEY, Judge.

In connection with the termination of their business relationship, appellant-defendant T. V. Tempo, Inc. (Tempo), as maker, executed a promissory note payable to appellee-plaintiff T. V. Venture, Inc. (Venture). This appeal arises in the context of the fourth in a series of suits wherein an adjudication of the issue of Tempo's liability on

the promissory note has been sought. In two of the three previous proceedings, Tempo was named as the defendant in a suit seeking a recovery against it on the note. In these two cases, Tempo filed answers which raised numerous defenses to its liability on the note, and it also filed counterclaims. However, when the main actions against it were dismissed, Tempo in turn voluntarily dismissed its counterclaims. In the third of three prior actions, Tempo was the plaintiff in an action for damages, and included among the allegations of Tempo's complaint against Venture was the assertion that its execution of the note had been fraudulently induced. This third suit was voluntarily dismissed by Tempo.

The fourth suit which is now under consideration in this appeal was begun when Venture filed another complaint, seeking to recover against Tempo on the note. Tempo's answer again raised numerous defenses to its liability on the note, and Tempo again filed various counterclaims. Subsequently, Venture moved for summary judgment, contending that there had been a previous adjudication on the merits as against all of the defenses and counterclaims that Tempo was asserting. Venture's motion relied upon the fact that Tempo had filed voluntary dismissals in the three previous proceedings and upon OCGA § 9-11-41 (a), which provided, at the times relevant to this appeal, that a voluntary dismissal "is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim."

The trial court conducted a hearing on Venture's motion for summary judgment. It held that OCGA § 9-11-41 was a bar to Tempo's further assertion, by way of counterclaim against Venture, of any claim that it had filed and voluntarily dismissed three times previously. Of all of Tempo's counterclaims against Venture, the trial court ruled that only two would not be deemed to be barred. With regard to Tempo's defenses to liability on the note, the trial court held that because OCGA § 9-11-41 would also bar the assertion of any defense that had been raised in three previous suits, *all* of Tempo's defenses to liability as set forth in the pleadings in the present litigation were so barred. Accordingly, the trial court granted summary judgment in favor of Venture both on the note and as to all but two of Tempo's counterclaims. It is from this order that Tempo brings this appeal.

1. In addition to the previous dismissal by a plaintiff of his action, the provisions of OCGA § 9-11-41 also apply "to the dismissal of any counterclaim, cross-claim, or third-party claim." OCGA § 9-11-41 (c). Accordingly, insofar as on three prior occasions, twice by filing counterclaims and once by filing its own complaint, Tempo initiated and then voluntarily dismissed an action "based on or including the same claim" with regard to the note that it executed, it would appear

that OCGA § 9-11-41 (a) bars Tempo's further pursuit of any legal action against Venture to recover on those claims. Although Tempo does not challenge the trial court's ruling that all but two of its counterclaims are barred under OCGA § 9-11-41, Tempo does enumerate as error the trial court's ruling that all of its defenses to liability on the note would also be barred under that statute.

OCGA § 9-11-41 contains no provision expressly negating its applicability as a bar to the subsequent assertion of *defenses* by a *defendant*. However, by its express terms, the statute would clearly purport to create a bar only as against one who for the fourth time occupies the capacity of a *claimant* and seeks *affirmative relief* for himself, having three times previously brought and voluntarily dismissed a complaint, counterclaim, cross-claim or third-party claim seeking that same affirmative relief. See OCGA § 9-11-41 (a), (c). The voluntary dismissal of an action does not require or involve the defendant's dismissal of his answer. Although the defendant's counterclaim may remain viable, the defendant's answer is rendered moot by virtue of the plaintiff's dismissal of his complaint. Moreover, there is a fundamental difference between the assertion of a "defense" by a defendant and the assertion of a right to affirmative relief through the filing of a "claim," "counterclaim," "cross-claim," or "third-party claim" by one who thereby occupies the status of a plaintiff. A "defense" is "[t]hat which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks. . . . [A] [d]efense is not something by means of which [the] party who interposes it can obtain relief for himself. [Cit.]" Black's Law Dictionary (4th ed. 1951). The clear intent of OCGA § 9-11-41 is merely to afford a res judicata defense to those *against* whom the same affirmative relief is being sought for yet a fourth time. If the same affirmative relief has been sought against a party three times previously and the action has been voluntarily dismissed on each occasion, the result is an "adjudication upon the merits" of the claims against him and there can be no further attempt on the part of the plaintiff or other claimant to secure the affirmative relief from him. A statute which merely provides a fourth-time defendant with a res judicata defense cannot be construed as creating a conclusive and absolute right on the part of a three-time defendant to obtain affirmative relief for himself should he subsequently choose to seek it as a plaintiff. The fact that Tempo, on three previous occasions, filed and dismissed an action asserting claims against Venture does not mean that Venture now has the right to recover merely by filing suit against Tempo. The third voluntary dismissal of an action against a defendant "does not, as a matter of law, adjudicate all issues in the case. Such a dismissal merely means that the same plaintiff cannot again sue that same defendant on that

same cause of action. The [third voluntary] dismissal of an action . . . against a defendant adjudicates *only the non-liability of that defendant to the plaintiff. It does not adjudicate other issues.*" (Emphasis supplied.) *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974). Thus, Tempo's third voluntary dismissal adjudicated only Venture's non-liability as to Tempo's *claims* arising from the note. Among the issues that Tempo's third voluntary dismissal did not adjudicate was the liability of Tempo to Venture on the note itself. Accordingly, the trial court erred in holding that OCGA § 9-11-41 should be applied so as to bar Tempo's "defenses" to liability on the note.

However, included among the assertions denominated as "defenses" by Tempo in its answer are numerous allegations regarding Tempo's right to secure a set-off or recoupment as against Venture. A set-off or recoupment is not a defense to the liability that is being asserted in the main action. A defendant's set-off or recoupment seeks affirmative relief against the plaintiff and, therefore is, in effect, a "counterclaim" rather than a "defense." See *Gwinnett Commercial Bank v. Flake*, 151 Ga. App. 578, 579-580 (1) (260 SE2d 523) (1979). Accordingly, Tempo's mistakenly designated "defenses" of set-off and recoupment must be treated as counterclaims. See OCGA § 9-11-8 (c). As discussed above, OCGA § 9-11-41 *does* apply so as to bar counterclaims. Therefore, we hold that the trial court did not err in ruling that Tempo's "defenses" which asserted such claims for affirmative relief against Venture by set-off and recoupment as had been sought in its three previously dismissed actions were barred under OCGA § 9-11-41. Such of Tempo's "defenses" of set-off and recoupment as were not so barred were correctly considered by the trial court to be counterclaims and summary judgment as to those claims was properly denied to Venture. The trial court erred only insofar as it held that Tempo was barred from asserting any defense against its liability to Venture on the note itself, including the affirmative defenses enumerated in OCGA § 9-11-8 (c).

2. For the reasons discussed in Division 1, the trial court erroneously held that Tempo was barred from defending as against its liability on the note. Venture, as the movant for summary judgment, did not pierce Tempo's defensive pleadings, but relied instead on the contention that OCGA § 9-11-41 (c) was a total bar to Tempo's assertion of any defense to liability. It follows that genuine issues of material fact remain as to the merits of Tempo's defenses to liability on the note and the trial court erred in granting summary judgment to Venture.

3. The judgment of the trial court holding that OCGA § 9-11-41 is a bar to Tempo's assertion of defenses is affirmed as to the misdesignated "defenses" of set-off and recoupment but reversed as to the defenses raised to liability on the note itself. The judgment of the

trial court granting summary judgment in favor of Venture on the note is reversed. The judgment of the trial court granting summary judgment to Venture on all but two of Tempo's counterclaims is not enumerated as error and, accordingly, is affirmed. Remaining enumerations of error are rendered moot by virtue of this disposition of the appeal.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 26, 1987 —
REHEARING DENIED MARCH 18, 1987 — 

*Kirk W. Watkins*, for appellant.
*Thomas M. Strickland*, for appellee.