A89A0478, A89A0479. MARKET INSURANCE CORPORATION v. IHM, INC.; and vice versa.

(385 SE2d 307)

BENHAM, Judge.

Appellee IHM, Inc., filed a suit sounding in tort against appellant, a California corporation, and against a Georgia corporation and two individual residents of Georgia. Appellant failed to file a timely answer, and a default judgment as to liability was entered against it. Appellant's efforts to set aside the default judgment were denied, as was its motion to dismiss for lack of personal jurisdiction. Appellee dismissed with prejudice the claims against appellant's co-defendants, and a bench trial against appellant on the issue of damages resulted in the entry of a judgment of $77,773.29 in favor of appellee, from which judgment appellant now brings this appeal.

1. Appellant maintains the trial court erred in denying appellant's motions to set aside default judgment and to dismiss for lack of personal jurisdiction. Appellant asserts that he has not engaged in the "minimum contacts" with Georgia that are necessary before a Georgia court may exercise personal jurisdiction over appellant. We disagree.

In 1979, appellant and Integrity Insurance Company entered into an agreement whereby appellant became Integrity's general agent with the power to recommend the appointment of local agents for whose actions appellant was held responsible. Market, acting on behalf of Integrity, then contracted with a Georgia corporation, Alpha, in December 1980. Under the terms of that contract, Alpha sent weekly reports on its bond sales to appellant, and appellant had the right to inspect Alpha's books and records; appellant had the right to

authorize cancellation of bonds as well as the right to adjust, compromise, settle or commit in any way appellant and Integrity to liability regarding claims on the bonds; and appellant had the right to service any Georgia accounts it deemed not properly serviced by Alpha. Alpha sent approximately $70,000 in premiums to appellant, who extracted a commission and then sent the remainder to Integrity. We agree with the trial court that appellant's arrangement with Alpha, which purported to sell bonds to appellee, established "meaningful contacts, ties, or relations" and a sign that appellant had "purposefully directed [its] activities at residents in the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U. S. 462 (105 SC 2174, 85 LE2d 528) (1985). The trial court did not err in denying appellant's motion to dismiss. The motion to set aside default was addressed to the discretion of the trial court, and we find no abuse of that discretion in its denial of the motion based upon its finding that appellant's failure to file an answer did not constitute excusable neglect. See OCGA § 9-11-55.

2. Appellant also contends the trial court erred in failing to grant summary judgment to appellant after appellee dismissed with prejudice appellant's co-defendants and alleged agents. Appellant, combining the holdings in *Cranford v. Carver*, 124 Ga. App. 767, 768 (186 SE2d 150) (1971), and *Roadway Express v. McBroom*, 61 Ga. App. 223 (1) (6 SE2d 460) (1939), contends that appellee's dismissal with prejudice of appellant's purported agents operated as a judgment in their favor and was res judicata in favor of appellee, the principal. *Cranford* involved a judicial order on a party's motion for an *involuntary* dismissal under OCGA § 9-11-41 (b). The situation in the case at bar involved a *voluntary* dismissal, involving no judicial action. Since it is "[a] judgment of a court" that is to be "conclusive between the same parties and their privies" (OCGA § 9-12-40), and no such order or judgment was entered, appellant's assertion of res judicata is without merit.

3. The trial court included in its findings of fact the observation that "Market's conduct has been sufficiently litigious so as to merit the assessment of attorney's fees against [it] and in favor of IHM in the amount of $10,000." Appellant maintains the award was error inasmuch as there was no allegation of stubborn litigiousness in the pleadings and appellee had presented no evidence on the issue at trial.

Appellee asserts that OCGA § 9-15-14 (b) provides the trial court with sufficient discretion to make the attorney fees award. While the statute vests the trial court with the discretion to award attorney fees sua sponte, that power is contingent upon the trial court finding that Market's defense lacked substantial justification or that Market had

unnecessarily expanded the proceeding by improper conduct. See OCGA § 9-15-14 (b); *Griggs v. Columbus Bank &c. Co.*, 188 Ga. App. 741 (374 SE2d 347) (1988). Inasmuch as the trial court in the case at bar made no such finding, an award of attorney fees pursuant to OCGA § 9-15-14 (b) was inappropriate. Since appellee did not prove the actual costs of the attorney and the reasonableness of those costs, it was not entitled to recover under OCGA § 13-6-11 for the professional services. *Fiat Auto USA v. Hollums*, 185 Ga. App. 113 (5) (363 SE2d 312) (1987). Thus, the award of attorney fees to appellee was error.

4. Appellant contends the trial court's awards of $7,495 for premiums for uninsured surety bonds and $60,244.29 in lost profits were not supported by the evidence. Relying on testimony given in the bench trial on the issue of damages, appellant maintains there was evidence that bonds were issued to appellee. Appellant overlooks the fact that "[d]ue to [its] default [it] is in a position of having admitted each and every material allegation of [appellee's] complaint except as to the amount of damages suffered by [appellee]. [Cits.] Defenses which go to the right of recovery are not available to the defendant in default even though the same defense may also go to the assessment of damages. [Cits.]" *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979). By defaulting, appellant admitted that its co-defendants had represented to appellee that bonds would be obtained; that appellee paid the bond premiums; and that the co-defendants failed to obtain the bonds. Thus, evidence that the bonds were issued had no place in the trial on damages and cannot be used to support appellant's assertion that the award was improper.

The issue of compensatory damages was the topic of much testimony and debate during the bench trial. While appellant disputed the amount of loss which appellee claimed to have suffered, we cannot say that, as a matter of law, the factfinder's award was clearly erroneous. See OCGA § 9-11-52. Accordingly, we must affirm. *Nodvin v. Krabe*, 160 Ga. App. 310 (2) (287 SE2d 236) (1981).

5. In light of our disposition of Market's appeal, we must dismiss IHM's cross-appeal as moot.

*Judgment affirmed in Case No. A89A0478 with direction that the award of attorney fees be stricken. Appeal dismissed in Case No. A89A0479. Deen, P. J., and Birdsong, J., concur.*

DECIDED JULY 6, 1989 —
REHEARING DENIED JULY 25, 1989 —

*Stokes, Shapiro, Fussell & Wedge, Robert D. Wedge, Stephen E. Farish*, for appellant.

*Decker & Hallman, Richard P. Decker, Peter V. Hasbrouck, Adrian F. Lanser III, Lokey & Bowden, Charles M. Lokey, Harman, Owen, Saunders & Sweeney, H. Andrew Owen,* for appellee.