A90A1484. VINEYARD v. FOWLER et al.
(398 SE2d 709)

BANKE, Presiding Judge.

The appellant filed this action against the appellees, Georgia Hi-Lift Corporation and Steve Fowler, to recover for injuries he had allegedly sustained when a MARTA bus he was driving was struck by a tractor-trailer owned by Georgia Hi-Lift and being driven by Fowler. Previously, the appellant, the appellees, and MARTA had all been named as co-defendants in separate suits filed by two bus passengers to recover for injuries they had sustained in the accident. The appel-

lant and MARTA, who were represented in those actions by the same counsel, filed cross-claims against the appellees seeking indemnification and contribution for any recovery the passengers might obtain against them. That litigation was subsequently settled, resulting in the voluntary dismissal with prejudice of all the claims asserted therein, including the appellant's cross-claims against the appellees for indemnification and contribution. Based on those dismissals, the trial court granted summary judgment to the appellees in the present action on the theory that the appellant's claims were barred by the doctrine of res judicata, as set forth in OCGA § 9-12-40. This appeal followed. *Held*:

OCGA § 9-12-40 provides as follows: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

It has been held that a voluntary dismissal with prejudice, involving no judicial action, does not constitute a "judgment of a court" so as to have res judicata effect pursuant to this Code section. See *Market Ins. Corp. v. IHM, Inc.*, 192 Ga. App. 441, 442 (2) (385 SE2d 307) (1989). See also *World Mut. &c. Ins. Co. v. Thurmond*, 112 Ga. App. 393 (1) (145 SE2d 252) (1965). Moreover, it is well established that, in order for a prior judgment to have res judicata effect in subsequent litigation between the same parties, the prior action must have involved the same cause of action. See *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986); *Lewis v. Price*, 104 Ga. App. 473 (1), 474-5 (122 SE2d 129) (1961).

The cross-claims for indemnification and contribution previously filed against the appellees by the appellant clearly did not involve the same cause of action as is being asserted by the appellant in the present case, for the appellant did not seek in the earlier litigation to recover for his own injuries sustained as a result of the collision. While the appellant certainly *could* have asserted the present cause of action by cross-claim in either of the suits filed by the bus passengers, his disinclination to do so is quite understandable, for he was being defended by MARTA's counsel in those actions and to have sought recovery against the appellees for his own injuries in the context of those proceedings would undoubtedly have complicated the task of presenting the claim to a jury, perhaps diminishing his chances for recovery. We do not believe the law required him to pursue his personal injury claim in this manner.

Based on the language of OCGA § 9-11-13 (g), it has been held that "[a] cross claim is not compulsory, but is permissive." *Reeves Transp. Co. v. Gamble*, 126 Ga. App. 165, 167 (190 SE2d 98) (1972). We believe that rule continues to be viable, although we recognize

that the Supreme Court's decision in *Citizens Exchange Bank of Pearson v. Kirkland*, 256 Ga. 71, 72 (344 SE2d 409) (1986), could, perhaps, be interpreted as having altered it. That case involved a suit by an executrix against a bank to recover for the loss of a certificate of deposit which had been paid to the decedent's widow rather than to the estate. The widow had previously sued both the executrix and the bank seeking a judicial declaration that she was entitled to the funds, and a default judgment to that effect had been entered in the action based on the executrix's failure to answer and on the bank's representation to the court that it was a "neutral party." The Supreme Court held that this judgment constituted a bar to the executrix's subsequent suit against the bank, using language which implied that her claim against the bank should have been raised as a cross-claim in the declaratory judgment action. However, the executrix's claim against the bank clearly was predicated on a contention that the estate rather than the widow had been legally entitled to the proceeds of the CD, and it was precisely this point which had been resolved adversely to the estate in the declaratory judgment proceeding. Thus, the executrix's claim against the bank was, in actuality, barred not so much by her failure to file a *cross-claim* in the prior action as by her failure to file an *answer* in that action.

"[I]n modern legal practice, the central issue in determining whether the doctrines of res judicata and collateral estoppel apply is whether the party against whom the plea is raised has had full opportunity to litigate the issues. [Cits.]" *Winters v. Pund,* supra at 352. Cf. OCGA § 9-12-42; *Delta Air Lines v. Woods,* 137 Ga. App. 693, 695 (224 SE2d 763) (1976); *A. R. Hudson Realty v. Hood,* 151 Ga. App. 778, 779 (262 SE2d 189) (1979). As the appellant has not previously sought to recover from the appellees for the personal injuries which he allegedly sustained in the accident, and as we do not believe he forfeited his right to do so by failing to assert this cause of action as a cross-claim in either of the personal injury suits filed by the bus passengers, we hold that the trial court erred in granting summary judgment to the appellees on res judicata grounds.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

### On Motion for Rehearing.

The appellees argue on motion for rehearing that our decision in the present case is in conflict with the Supreme Court's decision in *Taylor v. Bennett*, 260 Ga. 20 (389 SE2d 242) (1990), holding that a suit for an accounting brought by a former ward against her former guardians was "barred by res judicata" where a prior superior court action between the parties involving the same issues had been dismissed with prejudice following a settlement. However, the plaintiff in that case had also filed a prior action for an accounting in probate

court, and that action had proceeded to a judgment in favor of the former guardians approving an accounting previously made by them. Thus, the Supreme Court clearly was not holding in *Taylor v. Bennett* that the voluntary dismissal of the earlier superior court action constituted a "judgment of a court of competent jurisdiction" within the contemplation of OCGA § 9-12-40. Rather, it was the prior judgment entered by the probate court which brought that Code section into play.

We wish to emphasize that we have not held in the present case, and do not intend to imply, that a claim which has previously been dismissed with prejudice may be reasserted in a subsequent action. Obviously, it cannot — that is, after all, what the term, "with prejudice," means. "A dismissal with prejudice *operates* as an adjudication on the merits. It is a final disposition. It bars the right to bring another action on the same claim or cause. [Cit.] However, it is not, in truth, a determination of the issues in the case. It merely functions as, or operates as, an adjudication of those issues without an actual presentation of and decision on them." *Marchman & Sons v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983). (Emphasis from original.)

The appellant in the present case clearly is not attempting to relitigate the same claims against the appellees which he previously dismissed with prejudice, nor is he seeking to avoid the effect of a prior adjudication simply by asserting a different legal basis for the same type of recovery or by requesting a different remedy for the same alleged wrong. Compare *McCracken v. City of College Park*, 259 Ga. 490 (384 SE2d 648) (1989). The indemnification claims which the appellant asserted against the appellees in the prior actions brought by the two bus passengers did not concern his own injuries but rather his liability, viz a viz the appellees, for the injuries sustained by the passengers. Our holding that the doctrine of res judicata is inapplicable under these circumstances does not rest merely on the fact that no judgment was entered in those two suits; it rests independently on the fact that neither of them involved the same cause of action being asserted in the present case.

*The motion for rehearing is denied.*

DECIDED SEPTEMBER 27, 1990 —
REHEARING DENIED NOVEMBER 1, 1990 —

*Billington & Associates, Barry E. Billington,* for appellant.
*Drew, Eckl & Farnham, Julia B. Anderson, Stevan A. Miller, Frederick A. Johnson,* for appellees.