S91G0272. FOWLER et al. v. VINEYARD.
(405 SE2d 678)

BELL, Justice.

We granted certiorari to consider whether the present action for personal injuries filed by Vineyard against Fowler and Georgia Hi-Lift is barred by res judicata. The bar would result from Vineyard's voluntary dismissal with prejudice of his cross-claim for contribution against Fowler and Georgia Hi-Lift in a previous action in which Vineyard was a co-defendant with Fowler and Georgia Hi-Lift. We reverse the Court of Appeals' holding that res judicata did not bar the personal injury action, *Vineyard v. Fowler*, 197 Ga. App. 453 (398 SE2d 709) (1990).

On January 17, 1987, Vineyard (a MARTA bus driver) and Fowler (the driver of a truck owned by Georgia Hi-Lift) were involved in a collision in which 26 persons were injured. Two injured bus passengers filed separate actions against the same defendants — MARTA, Vineyard, Fowler, and Georgia Hi-Lift (hereafter Fowler and Georgia Hi-Lift will be referred to as "the Hi-Lift defendants"). In each of those cases, Vineyard and MARTA filed cross-claims against the Hi-Lift defendants for contribution and indemnification. The parties settled both passengers' suits out of court, and in July 1988 Vineyard and MARTA voluntarily dismissed with prejudice their cross-claims against the Hi-Lift defendants.[1]

---

[1] Although MARTA's counsel represented Vineyard in the bus passengers' suits, Vineyard had retained his present counsel before filing his cross-claim for contribution. Vine-

In August 1988 Vineyard sued the Hi-Lift defendants for damages resulting from the personal injuries Vineyard sustained in the collision. The Hi-Lift defendants moved for summary judgment, arguing that, because Vineyard dismissed with prejudice his cross-claims for contribution and indemnification, res judicata barred Vineyard's personal injury action. The trial court granted the Hi-Lift defendants' motion for summary judgment, holding that OCGA § 9-12-40, our res judicata statute, barred Vineyard's suit.

The Court of Appeals reversed *Vineyard v. Fowler*, supra, 197 Ga. App. at 453, and we granted the Hi-Lift defendants' application for certiorari to consider whether Vineyard's current action is barred by the doctrine of res judicata.

Several important issues, concerning two statutes, are presented for resolution. One statute is § 9-12-40, which is "a codification of Georgia's basic common law rule of res judicata." *Lawson v. Watkins*, 261 Ga. 147, 148 (401 SE2d 719) (1991). The other statute is OCGA § 9-11-13 (g), which provides for the permissive filing of cross-claims. We must decide whether the requirements of res judicata have been met in this case, and, if so, whether res judicata should bar Vineyard's current action or whether, because the personal injury claim was a permissive cross-claim in the first action, Vineyard should not now be barred from asserting it. We conclude that the requirements of res judicata have been met in this case, and that res judicata should operate as a bar to Vineyard's personal injury claim, despite the permissive cross-claim provision of § 9-11-13 (g). We therefore must reverse the judgment of the Court of Appeals.

1. OCGA § 9-12-40, our res judicata statute, provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

For a prior action to bar a subsequent action under the doctrine of res judicata, several requirements must be met: The first action must have involved an adjudication by a court of competent jurisdiction, *McCracken v. City of College Park*, 259 Ga. 490, 491 (2) (384 SE2d 648) (1989); the two actions must have an identity of parties and subject matter, *Lawson v. Watkins*, supra, 261 Ga. at 148; and the party against whom the doctrine of res judicata is raised must have had a

---

yard's counsel swore in an affidavit filed in the trial court that he did not assert the present claim for personal injuries before August 1988 because he wanted to wait to determine the extent of Vineyard's permanent injuries.

full and fair opportunity to litigate the issues in the first action, *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F2d 1507, 1520 (18) (10th Cir. 1990).

2. In determining whether the requirements of res judicata have been satisfied, we first address Vineyard's argument that a voluntary dismissal with prejudice, without order or approval of the trial court, cannot be considered a judgment on the merits for purposes of our res judicata statute, § 9-12-40. We disagree.

In cases in which there has been a voluntary dismissal of an action with prejudice upon agreement of the parties and accomplished with an order of court, we have held that the dismissal operates as an adjudication upon the merits and bars the right to bring another action on the same claim. See *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974); *Marchman & Sons v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983).[2] We did not turn these cases upon the fact that the dismissal was pursuant to order of court, and we can see no reason for distinguishing those cases from cases in which a voluntary dismissal with prejudice has been accomplished by the parties filing a stipulation of dismissal with the clerk of court. We believe that a dismissal "with prejudice" should have the same effect in both instances.

OCGA § 9-11-41 (a), by analogy, lends support to our conclusion that a voluntary dismissal with prejudice but without order of court should act as res judicata. OCGA § 9-11-41 (a) provides that a plaintiff's third voluntary dismissal, *without order of court*, operates as an adjudication upon the merits. This statute thus makes a third voluntary dismissal a dismissal with prejudice, and even though the dismissal is not by court order, it bars a subsequent suit under the doctrine of res judicata, *T. V. Tempo v. T. V. Venture*, 182 Ga. App. 198, 199-201 (1) (355 SE2d 76) (1987).

Finally, we note that commentators, as well as other courts, have concluded that a voluntary dismissal with prejudice, unaccompanied by any court order or approval, is a judgment on the merits for purposes of res judicata. Wright & Miller, Federal Practice and Procedure: Civil, § 2367; 5 Moore's Federal Practice, §§ 41.02 [5] and 41.05 [2]; *Astron Industrial Assoc. v. Chrysler Motors Corp.*, 405 F2d 958, 960 (1) (5th Cir. 1968).

For the foregoing reasons, we conclude that Vineyard's voluntary dismissal with prejudice constitutes a judgment on the merits for purposes of res judicata. Anything to the contrary contained in *Market Ins. Corp. v. IHM, Inc.*, 192 Ga. App. 441, 442 (2) (385 SE2d 307) (1989), is overruled.

---

[2] *Marchman*, supra, 251 Ga., does not indicate whether the voluntary dismissal was with or without order of court. However, for purposes of our discussion, we will assume that the dismissal was accomplished by order of court.

3. We next examine whether the prior action and the instant action involve an identity of parties and subject matter.

(a) Vineyard's cross-claims and his instant personal injury claim involve an identity of parties. Although the parties in the first litigation were the same, it is still necessary to examine whether Vineyard was in an adversarial relationship with Fowler and Georgia Hi-Lift in that litigation. If he was not, then Vineyard is not bound by the rules of res judicata. See Restatement of Judgments 2d, §§ 34 and 38. We conclude that the cross-claims for indemnification and contribution placed Vineyard in an adversarial relationship with Fowler and Georgia Hi-Lift.

By asserting cross-claims for contribution and indemnification, Vineyard sought affirmative relief from Fowler and Georgia Hi-Lift and thus was in an adversarial relationship with them. A condition to asserting a cross-claim is that the co-party asserting it must actually seek affirmative relief against the co-party against whom it is asserted. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 1431. As OCGA § 9-11-13 (g) and Federal Rule of Civil Procedure (FRCP) 13 (g) specifically permit a party to cross-claim for contribution or indemnification, the rules contemplate that such a cross-claim asserts a claim for affirmative relief. This conclusion is inescapable, considering that a party bringing such a claim is asserting

> that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant. [OCGA § 9-11-13 (g); FRCP 13 (g).]

Moreover, Restatement of Judgments 2d, § 38, provides that the necessary adversarial relationship between co-parties is satisfied

> where the claims or defenses in the pleadings put parties in an adversarial relation to each other even though they may also be aligned together against a third party. This relation arises between defendants who are parties to a cross-claim, . . . Where such claims or defenses have been made, the rules of merger and bar . . . are applicable. [Id. Comment (a).]

For the foregoing reasons, we conclude that Vineyard's cross-claims put him in an adversarial relationship with Fowler and Georgia Hi-Lift, and that he is bound by the rules of res judicata.[3]

---

[3] The dissent relies on *Hellenic Lines, Ltd. v. Exmouth*, 253 F2d 473 (2nd Cir. 1958), to support its position that a claim for indemnity or contribution does not place co-parties in an

(b) Moreover, we conclude the cross-claims and the personal injury claim involve an identity of subject matter.

In *Lawson v. Watkins,* supra, 261 Ga. at 149, we noted that

OCGA § 9-12-40 is a codification of Georgia's common law rule of res judicata. The language used in the statute was drawn from *Watkins v. Lawton,* 69 Ga. 671 (1882), where this court held:

A judgment is conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue, in a former suit between the same parties concerning *the same subject matter* in a court of competent jurisdiction. [Emphasis supplied.]

Thus, one must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40.

In the instant case it is beyond dispute that Vineyard's cross-claims and personal injury claim arose from the same subject matter — the accident between the bus Vineyard was driving and the truck Fowler was driving.

4. The final requirement for res judicata is that Vineyard must have had a full and fair opportunity to litigate his personal injury claim in the prior litigation. Although several circumstances point toward the conclusion that Vineyard did not have a full and fair opportunity to litigate his claim, we conclude, on balance, that he did have a full and fair opportunity.

One factor indicating Vineyard did not have a full and fair opportunity is that, according to an affidavit of Vineyard's attorney, before August 1988 Vineyard had not fully determined the permanency of his injuries. Another factor is that on his cross-claims Vineyard was represented by MARTA's attorney, who had no interest in

---

adversarial relationship. However, *Hellenic Lines* is distinguishable from the instant case, as in that case the co-parties did not assert cross-claims for contribution or indemnification in the first action. Here, Vineyard did assert cross-claims for contribution and indemnification, and thus placed the parties in an adversarial relationship.

Moreover, the court in *Hellenic Lines* relied on language from the Restatement of Judgments, First, § 82, Comment (b), to the effect that each co-party's attempt to show that the other was solely responsible for the accident does not make the issue of negligence res judicata between them. The Restatement of Judgments 2d, § 38, substantially departs from the first Restatement on this issue. See Restatement of Judgments 2d, § 38, Reporter's Note. Thus, even under the facts of *Hellenic Lines,* the court's decision in *Hellenic Lines* is now questionable.

representing Vineyard on his personal injury claim. A third factor is the possible ill effect of requiring that a defendant who cross-claims for his personal injuries bring in separate counsel to litigate his personal injury claim as part of the round of litigation in which he is a defendant. Forcing litigation of the personal injury claim as a cross-claim during that proceeding might confuse the jury and lead to its giving less attention to the personal injury claim than if it were litigated as an independent action.

Although these considerations are of real concern, we conclude that Vineyard had a full and fair opportunity to present his claim in the first action. First, Vineyard had employed his present attorney at the time of the first action, and could have had the attorney assert his personal injury claim in the first action. Second, although Vineyard claims he needed to wait until August 1988 to file his claim for personal injuries, the first action was not dismissed until July 1988, and Vineyard, if he had filed his personal injury claim in the first action, could have asked the court for a continuance to permit Vineyard to gain more information regarding the permanency of his injuries. Third, if Vineyard perceived any prejudice that might have arisen from trying his personal injury claim in the context of the first action, Vineyard could have moved the trial court to separate that claim from the other claims in that action. OCGA §§ 9-11-13 (i) and 9-11-42 (b). Fourth, the first action was not in an inconvenient forum for Vineyard, as his subsequent personal injury claim was filed in the same superior court as the first action.

After balancing the relevant factors, we conclude that Vineyard had a full and fair opportunity to litigate his personal injury claim.

5. OCGA § 9-11-13 (g) makes cross-claims permissive. Having decided that the requirements of res judicata have been met in the instant case, we must address Vineyard's argument that applying res judicata to defeat his personal injury claim would have the effect of making it a compulsory cross-claim, which he contends would be impermissibly inconsistent with the policy behind § 9-11-13 (g). Vineyard's argument must fail, however, because we have held that res judicata bars a party who foregoes an opportunity to file a permissive cross-claim from bringing the claim in a subsequent action. *Citizens Exchange Bank of Pearson v. Kirkland*, 256 Ga. 71 (344 SE2d 409) (1986).[4]

---

[4] Note that the author of the present opinion dissented to the decision in *Kirkland*. However, I am now constrained to follow that decision. Moreover, even if this Court had followed the reasoning of my dissent, I would still hold in this case that res judicata bars Vineyard's personal injury claim, even though it was a permissive cross-claim in the first action. The reason is that Vineyard, unlike Kirkland, asserted a cross-claim in the first action. If a co-party asserts a cross-claim, it is reasonable that the party must also assert all claims arising from that same subject matter at that time or risk preclusion under the doc-

6. Having found that all the requirements of res judicata are met in the instant case and that § 9-11-13 (g) does not prohibit the application of res judicata to Vineyard's personal injury claim, we hold that Vineyard's personal injury action is barred by the doctrine of res judicata.

*Judgment reversed. All the Justices concur, except Clarke, C. J., Smith, P. J., and Benham, J., who dissent.*

Smith, Presiding Justice, dissenting.

I write this dissent because I believe the majority interprets our res judicata statute too broadly. According to the majority, if a party chooses to bring certain permissive transactionally-related claims, he must bring all such claims he has or be barred by res judicata.

There are three requirements for the application of res judicata: that the parties to both suits be identical, that the subject matter of both suits be identical, and that the party to be precluded have had a full and fair opportunity to litigate. This case does not meet the first and third criteria.

### Identity of Parties

In this case, the majority states that the parties are identical. I disagree. There are three suits in this case: the suit between the bus-passengers and Mr. Vineyard, MARTA, and the Hi-Lift defendants (primary suit), the cross-claim by Mr. Vineyard, and Mr. Vineyard's personal injury claim. For res judicata, there must be at least two suits. In suit one, the parties to be later precluded must have been adverse. Adversity goes to the first and third criteria. In suit two, if the three requirements for res judicata are met, the party will be precluded. Mr. Vineyard and the Hi-Lift defendants were co-parties in the primary suit. To involve identical parties, a second suit would have to be an adversarial proceeding between the plaintiff-passengers and Mr. Vineyard. Res judicata only applies to *adverse* parties, parties seeking affirmative relief or parties from which affirmative relief is sought. Friedenthal, Kane, and Miller, Civil Procedure, § 14.13.

The majority contends that Mr. Vineyard's claim for indemnity made him adverse to the Hi-Lift defendants; that it was suit one. There are two reasons why this cannot be so. First, the settlement between the passengers and the co-defendants extinguished the claim for indemnity. Second, a claim for indemnity or contribution cannot

---

trine of res judicata. See Greenbaum, Jacks or Better to Open: Procedural Limitations on Co-Party and Third-Party Claims, 74 Minn. L. Rev. 507, p. 542 (1990). Here, Vineyard's cross-claims in the first action and his personal injury claim arise from the same subject matter. Res judicata should thus defeat his personal injury claim.

be looked upon separately from the underlying cause of action.

A claim for indemnity or contribution dies with the primary cause of action. No dismissal is necessary. This statement only holds true in the situation where, as here, a co-defendant seeking indemnity is dismissed without liability from the primary suit. Mr. Vineyard had no claim to dismiss against the Hi-Lift defendants once the suit against him was dismissed. His claim for indemnity no longer existed. There was no reason for Mr. Vineyard not to accede to the MARTA and Hi-Lift attorneys' request that he dismiss his claim with prejudice. He had nothing to dismiss "with prejudice."

Additionally, indemnity is a defensive measure. It cannot be passed upon until the determination of the underlying action. It is wholly identifiable with the first action, without which it could not exist.

Thus, the suit between the passengers and Mr. Vineyard, MARTA, and the Hi-Lift defendants must be suit one for res judicata purposes. The claim for indemnity did not create the necessary adversity, and the cross-claim was rendered moot by the dismissal of the primary cause of action. Mr. Vineyard did not seek affirmative relief in his cross-claim, thus the Hi-Lift defendants were not adverse to him.

## Full and Fair Opportunity to Litigate

The majority analogizes this case to the situation in which a *plaintiff* seeking affirmative relief sues a defendant, an adverse party. In that situation, the plaintiff must assert all transactionally-related claims to avoid preclusion by res judicata. OCGA § 15-12-40. Likewise, according to the majority, a co-defendant need not bring a cross-claim for indemnity or contribution, and if he does not, he can bring it later. His only other choice is to possibly compromise his claim for affirmative relief and bring everything at once. Thus, a co-defendant must choose either to bring a premature claim or forego a legitimate claim to indemnity or contribution. Such a choice directly contradicts the majority's third criterion for the application of res judicata, that the party have a full and fair opportunity to litigate.

(1) The majority cites *Rowland v. Vickers*, 233 Ga. 67 (209 SE2d 592) (1974) and *Marchman &c. v. Nelson*, 251 Ga. 475 (306 SE2d 290) (1983) for the proposition that a voluntary dismissal "with prejudice" between co-parties seeking indemnity or contribution should have the same preclusive effect as a court-ordered dismissal between a plaintiff and a defendant. Neither case supports this reasoning. In both cases, as the majority points out, the dismissal was effected by court order. The majority overlooks the fact that in both cases, the plaintiff, seeking affirmative relief, was the one precluded by the preceding dismis-

sal. For support, the majority states that three voluntary dismissals under OCGA § 9-11-41 (a) operate as an adjudication on the merits for res judicata purposes. But OCGA § 9-11-41 (a) applies to "plaintiffs" seeking affirmative relief from adverse parties and not to cross-claimants seeking indemnification or contribution from co-parties. Furthermore, the statute requires three voluntary dismissals before the claim is considered finally adjudicated. Compare FRCP 41 (a) (requiring only two voluntary dismissals before deemed finally adjudicated). Concededly, the parties stipulated "with prejudice" as to the claim for indemnity. However, claims for indemnity or contribution are defensive and stand on a different footing than claims for affirmative relief.

(2) The majority misinterprets Wright & Miller, Moore, and *Astron Industrial Assoc. v. Chrysler Motors Corp.*, 405 F2d 958 (5th Cir. 1968). Each of these authorities addresses the issue of a voluntary dismissal by the plaintiff. None says anything about cross-claimants seeking indemnity or contribution. Indeed, "co-parties in the first suit are not prevented from litigating the same issues between themselves in a second lawsuit if they remained in a *non-adversarial* position toward one another throughout the first action." (Emphasis supplied.) Friedenthal, Kane, and Miller, Civil Procedure, § 14.13 (citing Wright, Miller, and Cooper, Jurisdiction and Related Matters, § 4450). The authorities referred to by the majority go on to define adversarial in our context to mean opposing parties by virtue of an affirmative claim for something *more* than indemnity or contribution. See, e.g., *Hellenic Lines, Ltd. v. Exmouth*, 253 F2d 473 (2nd Cir. 1958).

(3) Why make a distinction between claims for affirmative relief and claims for indemnification or contribution? The majority opinion answers this question in its third criterion for res judicata — "the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action." It is clear that Mr. Vineyard did not have such an opportunity under the facts of this case.

A co-defendant who seeks indemnity or contribution has reason to challenge res judicata, whereas a plaintiff who seeks affirmative relief does not. A plaintiff has every reason to be fully aware of his rights and to be adequately represented. After all, he initiated the action and brought everyone else into court. In short, a plaintiff chooses when, where, and whom to sue. A defendant must come to court or face default. He has no choice. The majority points out that the plaintiff does not have to bring suit, but if he does, he must assert all transactionally-related claims or risk preclusion by res judicata. From this firm premise, the majority mistakenly concludes that a similar rule should apply to cross-claimants seeking indemnity or con-

tribution. This conclusion does not follow.

> That the answers of both parties . . . sought to put the blame on the other is no bar. [W]here a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata between them. *Hellenic*, supra at 477.

Such claims are really defenses and should not be allowed to unfairly blindside a co-defendant who sought only to *fully defend* the first action.

The majority also contends that cross-claims are permissive so that friendly co-parties will not be forced to immediately oppose one another or forever hold their peace. The majority thus reasons that once a party files a cross-claim, this concern goes out the window. But cross-claimants can still work together as allies against a common adversary when the cross-claim is for indemnity or contribution and not affirmative relief. No one needs to be indemnified against a losing plaintiff.

The majority contends that the appellee had a full and fair opportunity to litigate in the first action. They stress that he had hired an attorney and filed this suit only one month after the dismissal of the first suit. Thus, the majority reasons that the court could have granted a continuance for a month until the extent of the injuries became known. This conclusion is suspect for two reasons. First, it penalizes Mr. Vineyard for retaining an attorney, but not having that attorney represent him for the purposes of the dismissal. Why should he when he had every reason to believe that the MARTA attorneys would fully and fairly represent him? Second, the fact that Mr. Vineyard filed this complaint only one month after the dismissal of the prior suit proves nothing.

Mr. Vineyard's retained counsel was not present at the dismissal, nor was he informed of the transaction. While Mr. Vineyard could have alerted his attorney, he had no reason to believe that the MARTA attorneys would not fully and fairly represent him. They certainly did nothing to let him know otherwise.

This Court has not yet worked out the full application of res judicata in this area; we are attempting to do so today. How was Mr. Vineyard to know he risked preclusion by relying on the only counsel he believed he needed? Mr. Vineyard, in asserting his cross-claim for indemnification, was merely defending himself. Surely he did not intend to surrender all rights to recovery for his injuries.

At the time of the dismissal, Mr. Vineyard did not know the full

extent of his injuries. Such discovery could have taken a month, a year, or ten years. So, according to the majority, Mr. Vineyard could have recovered for his injuries in three situations: 1) if he could have predicted when his injuries would manifest themselves; 2) if his injuries had not manifested themselves until a longer period of time had elapsed, but before the statute of limitation had run; or 3) if he had requested an indefinite continuance (a continuance that, for all anyone knew at the time, could have lasted ten years). If Mr. Vineyard had acted as the majority now says he should have, the parties would not have settled. The primary purpose of res judicata is to promote judicial economy in claims for affirmative relief. Res judicata, as applied by the majority, is too broad for this situation because it does not fit an action brought solely for indemnity or contribution.

At least one member of this Court has stated that cross-claims are permissive only and that it is "axiomatic" that a party bringing a cross-claim will not be barred by res judicata, as would be the case with a compulsory counterclaim. *Citizens Exchange Bank of Pearson v. Kirkland*, 256 Ga. 71 (344 SE2d 409) (1986) (Bell, J., dissenting).

Finally, if the majority insists upon forcing a co-defendant to make such a disconcerting choice, Mr. Vineyard should be allowed to bring suit under the facts of this case, where he did not discover the nature and extent of his injuries until after the dismissal of the first suit and has no way of knowing how long the injuries will take to manifest themselves.

I am authorized to state that Chief Justice Clarke joins in this dissent.

BENHAM, Justice, dissenting.

I must take issue with the majority's conclusion that a party's voluntary dismissal with prejudice, without court order or approval, constitutes a judgment on the merits for purposes of res judicata.

Georgia's theory of res judicata, codified in OCGA § 9-12-40, relies on "[a] *judgment* of a court of competent jurisdiction. . . ." (Emphasis supplied.) A voluntary dismissal with prejudice, involving no judicial action, does not constitute a "judgment of the court," and therefore does not have res judicata effect. If res judicata effect is desired, a party may seek judicial sanction of the dismissal by having the court issue a dismissal order. See *Rowland v. Vickers*, 233 Ga. 67 (209 SE2d 592) (1974). Since no judgment of the court was entered when Vineyard voluntarily dismissed with prejudice his cross-claim, res judicata does not bar Vineyard's current action against Fowler and Georgia Hi-Lift.

DECIDED JULY 9, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*Drew, Eckl & Farnham, Frederick A. Johnson, Stevan A. Miller,*
for appellants.
*Barry E. Billington,* for appellee.