A93A2070. MAJESTIC HOMES, INC. v. SIERRA
DEVELOPMENT CORPORATION.
(438 SE2d 686)

Pope, Chief Judge.

On or about June 14, 1989, plaintiff Majestic Homes, Inc. and defendant Sierra Development Corporation entered into an assignment agreement. Pursuant to that agreement a lot contract between Majestic and a third party was to be assigned to Sierra. That agreement also provided for $25,000 to be held in escrow. The assignment was not completed, allegedly due to the default of Sierra.

On November 17, 1989, the escrow agent under the assignment agreement filed an interpleader action, naming the parties in this action as defendants and seeking to determine which of the parties should receive the escrow funds ("the prior action"). Both Majestic and Sierra answered and filed a cross-claim against the other defendant. In the cross-claim filed by Majestic, it sought only a determination that it was entitled to the escrow funds rather than Sierra. Sierra filed a similar cross-claim against Majestic and both parties moved for summary judgment. Although in its brief in support of its motion for summary judgment Majestic argued that it was entitled to additional

funds from Sierra under the terms of the assignment agreement, the only relief it sought in both its cross-claim and motion for summary judgment was the escrow funds. The trial court granted Majestic's motion for summary judgment and awarded the escrow funds to it. Thereafter, the escrow agent in that action filed a dismissal with prejudice and the defendants both filed dismissals of their cross-claims without prejudice.[1]

On December 19, 1991, Majestic filed suit against Sierra seeking additional funds it claims it is entitled to receive under the terms of the assignment agreement. The incorporators of Sierra filed a timely response to the complaint styled a "Special Appearance and Answer," in which they answered, set forth defenses and stated that based on their knowledge, information and belief, Sierra was now a defunct corporation. After learning Sierra had not been dissolved by the Secretary of State, Sierra on March 13, 1992 filed a document styled "First Amendment to Answer" in which it answered and asserted the same defenses previously set forth by the incorporators in the Special Appearance and Answer. Sierra then moved for summary judgment. Thereafter, but on the same day, Majestic moved for entry of default against Sierra and Sierra moved to open default. The trial court granted both Sierra's motion to open default and for summary judgment. Majestic appeals.

1. Majestic argues the trial court erred in denying its motion for entry of default and granting defendant's motion to open default. "The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law." (Citations and punctuation omitted.) *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 48 (2) (424 SE2d 338) (1992). The sole function of an appellate court reviewing a trial court's grant of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case. In this case, a timely answer was filed by the incorporators of Sierra explaining why Sierra was not answering as a party and setting forth an answer to all allegations of the complaint and the same defenses later asserted by Sierra itself. In its motion to open default, Sierra complied with all the conditions set forth in OCGA § 9-11-55 (b). Under the circumstances of this case, the trial court did not err in determining that this was a proper case for the default to be opened.

---

[1] Although it was argued to this court that the dismissals were filed after this case was erroneously placed on a trial calendar after summary judgment had been granted to Majestic, the record of the prior action does not reflect that this case was placed on a trial calendar.

2. We reject Majestic's argument that the trial court erred in granting summary judgment to Sierra because its motion for summary judgment was filed while Sierra was in default. After the trial court opened default in this case, it was proper for it to then consider Sierra's motion for summary judgment.

3. Majestic further argues the trial court erred in granting summary judgment to Sierra because any claim Majestic had against Sierra would have merely been a permissive cross-claim in the prior action and because it voluntarily dismissed its claims against Sierra in the prior action. These arguments have been decided adversely to Majestic by our Supreme Court in *Fowler v. Vineyard*, 261 Ga. 454 (405 SE2d 678) (1991) and *Citizens Exchange Bank &c. v. Kirkland*, 256 Ga. 71 (344 SE2d 409) (1986). Majestic's claim against Sierra asserted in this action is barred by the doctrine of res judicata, which provides that a judgment on the merits is conclusive as to all matters that were or could have been put in controversy between identical parties or their privies in another cause of action. "For a prior action to bar a subsequent action under the doctrine of res judicata, several requirements must be met: The first action must have involved an adjudication by a court of competent jurisdiction, [cit.]; the two actions must have an identity of parties and subject matter, [cit.]; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action, [cits.]" *Fowler*, 261 Ga. at 455-456. All of those requirements are present in this case. The parties are identical in this case and the cross-claim was asserted by Majestic against Sierra in the prior action. The subject matter, the assignment agreement, is also identical. Majestic also had a full and fair opportunity to litigate the issue in the prior action. At the time Majestic asserted its cross-claim, its claim for enforcement of all provisions of the assignment agreement had matured. Indeed, the argument that Sierra was entitled to additional funds other than the escrow funds under the terms of the assignment agreement was made in Majestic's brief filed in support of its motion for summary judgment, although the brief made it clear that the only relief Majestic sought in that motion was the escrow funds. Majestic's argument that because the claim giving rise to this action would have been a permissive cross-claim in the prior action it is not barred by res judicata is without merit. "[R]es judicata bars a party who forgoes an opportunity to file a permissive cross-claim from bringing the claim in a subsequent action. *Citizens Exchange Bank of Pearson v. Kirkland*, [supra]." *Fowler*, 261 Ga. at 459 (5).

Furthermore, Majestic's argument that this claim is not barred by res judicata because it voluntarily dismissed its cross-claim in the prior action against Sierra without prejudice must fail. Majestic's dismissal without prejudice of its cross-claim against Sierra was of no

effect since at the time Majestic filed its voluntary dismissal, the trial court had granted it summary judgment on the only claim it had asserted against Sierra.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 2, 1993 —

*Don C. Huprich*, for appellant.
*Flynn, Gottlieb & Kachmarsky, Edward D. Flynn III*, for appellee.